THE CHICAGO, SANTA FE & CALIFORNIA RAILWAY COMPANY, *Appellant*, v. MILLER.

DIVISION ONE.

1. **Eminent Domain:** COMPENSATION: TRIAL BY JURY: CONSTITUTION. Section 21 of article 2 of the state constitution, providing that when private property is taken or damaged for public use, compensation therefor shall be ascertained by a jury or board of commissioners of not less than three freeholders, is general in its terms, and must be taken inconnection with section 4 of article 12, which guarantees a trial by jury in all such cases where any incorporated company is interested, and the latter must control.

2. ———: ———: ———: ———. Section 4 of article 12 of the constitution guarantees a trial by jury in all cases of claims for compensation for property taken in the exercise of the right of eminent domain, when any incorporated company shall be interested, either for or against the exercise of such right.

3. ———: ———: ———: WAIVER. A party does not waive its right to a jury trial by asking for the appointment of commissioners under Revised Statutes, 1889, section 2566. A demand may properly be made for a jury after the report of the commissioners has been made and exceptions to it filed.

The Chicago, S. F. & C. Ry. Co. v. Miller.

4. ——: ——: DAMAGES. An agreement by a railroad company to give a land-owner a free sub-way under its bridge as part consideration for a right of way over her land should be read in connection with her deed to the company. Such agreement secures a valuable right, the loss of which by the erection of a dam for a reservoir by the company constitutes a part of the damages to be allowed in a proceeding by it to condemn other lands belonging to her for such reservoir.

*Appeal from Clark Circuit Court.*—HON. BEN. E. TURNER, Judge.

REVERSED AND REMANDED.

*Gardiner Lathrop* for appellant.

( 1 ) The plaintiff was entitled to have the report of the commissioners set aside, and the jury trial ordered as a constitutional right. *Railroad v. Town-Site Co.,* 103 Mo. 451 ; Const. of Mo., art. 12, sec. 4 ; *Railroad v. Almeroth,* 13 Mo. App. 91 ; *Railroad v. Story,* 96 Mo. 611. ( 2 ) The plaintiff did no act, whereby he waived a trial by jury. *Railroad v. Story,* 96 Mo. 611. ( 3 ) When the commissioners have erred in the principles upon which they made their appraisal, the report should be set aside. *Railroad v. Campbell,* 62 Mo. 585 ; *Railroad v. Brickett,* 62 Ill. 332 ; *Railroad v. Story,* 96 Mo. 611. ( 4 ) The alleged contract for a sub-way under the trestle of plaintiff's railroad was improperly introduced in evidence for the reason that it did not appear that the person signing it had any authority to bind the company by such an agreement. 2 Morawetz on Corporations, secs. 509, 590 ; *Barcus v. Railroad,* 26 Mo. 102 ; *Tucker v. Railroad,* 54 Mo. 177 ; *Brown v. Railroad,* 67 Mo. 122 ; *Mayberry v. Railroad,* 75 Mo. 492 ; *Boylu v. Railroad,* 13 Mo. App. 574. ( 5 ) Even if D. W. Finney had had authority to make the agreement it was a mere license, which was revocable at will. *Fuhr v. Dean,* 26 Mo. 116 ; *Railroad v. North,* 31 Mo. App. 345 ; *Bird v. Railroad,* 34 L. J. C. 366 ; Lewis on Em.

Dom., sec. 332 ; Tiedeman on Real Prop., sec. 651.   The alleged contract cannot be construed to create an estate in land, but is at best only a personal obligation, the subject of an independent action, and not properly an element of damage in condemnation proceedings. *Fuhr v. Dean*, 26 Mo. 116 ; *Railroad v. North*, 31 Mo. App. 345 ; Devlin on Deeds, secs. 63, 65 · Tiedeman on Real Prop., sec. 599.

BLACK, J.—The plaintiff commenced this suit before a justice of the peace, under section 2566, Revised Statutes, 1889, to condemn two tracts of land, one containing three and eight-tenths acres, and the other twelve and six-tenths acres, for the purpose of a reservoir.   The justice appointed three commissioners who assessed the damages at the sum of $1,386.   The plaintiff filed exceptions to the commissioners' report, and thereby among other things demanded a jury for the assessment of damages, and at the same time prosecuted an appeal to the circuit court.   That court, after hearing the evidence adduced, overruled the exceptions, and thereby denied to the plaintiff a jury trial, and of this ruling error is assigned.

Section 21 of article 2 of the constitution provides that the compensation to be paid for private property taken or damaged for public use "shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be prescribed by law."   Section 4, article 12, after declaring that the right of eminent domain shall never be so construed or abridged as to prevent the taking of property and franchises of incorporated companies, provides : "The right of trial by jury shall be held inviolate in all trials of claims for compensation, when, in the exercise of said right of eminent domain, any incorporated company shall be interested either for or against the exercise of said right."

The first of these sections, found in the bill of rights, does not guarantee to the property-owner a common-law jury trial in the assessment of damages. It simply requires the damages to be assessed either by a jury or by a board of not less than three freeholders. But that section is general in its terms and must be taken in connection with section 4 of article 12, which is specific and must control as to all cases coming within its terms. The last-named section, it has been insisted on some occasions, guarantees a jury trial in those cases only where it is sought to condemn the property or franchises of an incorporated company; but the language quoted does not admit of so narrow and limited construction. A jury is guaranteed in *all* claims for compensation for property taken in the exercise of the right of eminent domain when any incorporated company shall be interested, either for or against the exercise of such right. It, therefore, matters not whether the incorporated company is interested either for or against the exercise of this right; for in either case either party to the suit is entitled to a jury trial at some stage of the proceedings. This is the plain language of the section, and it is useless to speculate upon the reasons for its insertion in our present constitution. In those cases where an incorporated company seeks to condemn the property of an individual, and in those cases where it is sought to condemn the property or franchises of a corporation for public use, either party to the proceeding is entitled to a jury to assess the damages. That the statute may, even in such cases, provide for the assessment of the damages by commissioners in the first instance is not questioned or doubted; but either party to the suit is entitled to a jury as a matter of right at some stage of the proceedings. These views are in accord with the prior rulings of this court in *Railroad v. Story*, 96 Mo. 611, and in *Railroad v. Town-Site Co.*, 103 Mo. 451. The circuit court, therefore, erred in denying to plaintiff a jury to reassess the damages. The defendant has filed no

brief in this court, so that we are not informed upon what specific ground the circuit court based its ruling. If upon the theory that the plaintiff had waived a jury trial, the court still erred under the rulings of this court in the cases before cited.

As the judgment must be reversed and the cause remanded for the reasons just stated, it is deemed proper to dispose of another question which may arise on a new trial. The defendant by her deed conveyed to the railroad company a right of way over her lands, and as a part of the consideration for that deed the agent procuring the right of way gave to the defendant the following agreement signed by him : "This certifies that Mrs. Sallie D. Miller is entitled to a free under-crossing under the bridge erected by the Chicago, Santa Fe & California Railway Company on her farm, provided the bridge is of sufficient dimensions to admit of same, and provided, further, that said company shall not be liable for any damage caused by reason of privileges being granted." The company in constructing its railroad erected a bridge of such dimensions as to afford the defendant a good under-crossing for stock and wagons, and the bridge has been used by the defendant for such purposes. The erection of the dam has destroyed this under-crossing. This written agreement was not only a part of the consideration for the right of way, but it was part of the transaction by which the defendant procured the right of way, and it should be read in connection with the deed executed by the defendant. It secured to defendant a valuable right, the loss of which by the erection of the dam constitutes a part of the damages which should be allowed to her in these proceedings. The point made that this agreement for a sub-way is a mere license revocable at will is not well taken. The company, as has been said, acquired the right of way, subject to the agreement concerning the under-crossing. All concur.