The Chicago, Santa Fe & California Railway Company, *Appellant*, v. Bates *et al.*

109    53
117    156

DIVISION ONE.

Railroad : CONDEMNATION PROCEEDING: ASSESSMENT OF DAMAGES: JURY. Either party is entitled in a railroad condemnation proceeding to an assessment of damages by a jury.

*Appeal from Ray Circuit Court.*—Hon. James M. Sandusky, Judge.

REVERSED AND REMANDED.

*Gardiner Lathrop* and *C. T. Garner, Sr., & Son* for appellant.

*Lavelock & Lavelock* for respondents.

Brace, J.—This is a proceeding commenced in the circuit court of Ray county by the plaintiff to condemn a right of way over lands of the defendants. The petition was in the usual form, due notice was given and commissioners appointed, who made return of their assessment of the damages to defendants' property into court; whereupon the plaintiff filed exceptions to the report of the commissioners, assigning nine grounds of exception, all bearing upon the amount of damages assessed by the commissioners, and praying that the assessment of damages made by the commissioners be reviewed under the supervision of the court by a jury of the county. The court heard evidence on the question of the amount of damages, overruled plaintiff's exceptions to the report of the commissioners, confirmed the same, and rendered final judgment.

Plaintiff's motion for new trial and in arrest of judgment having been overruled, the plaintiff appeals to this court.

One of the grounds of the motion for a new trial was "that the court erred in not awarding the trial of the issue on the exceptions to a jury according to the constitution and laws of this state," and the same is assigned for error here. In *Chicago, Santa Fe & California Ry. Co. v. Miller*, 106 Mo. 458, decided at this term of court, we held that the plaintiff railway company in condemnation proceedings as well as the defendant, on exceptions to the report of commissioners assessing damages for the taking of private property for the use of such railway company, had the right under section 21, article 2, and section 4, article 12, of the constitution, to have the amount of damages assessed by a jury, and that the refusal of the court to grant such an assessment when asked for was the deprivation of a constitutional right, and fatal error. This ruling is decisive of the present case. The judgment of the circuit court will, therefore, be reversed, and the cause remanded for further proceeding in accordance with the law as thus declared. All concur.

REVERSED AND REMANDED.