ROTHAN *et al., Appellants,* v. THE ST. LOUIS, OAK HILL & CARONDELET RAILWAY COMPANY *et al.*

Division One, December 22, 1892.

1. **Constitution:** RAILROAD RIGHT OF WAY: CONDEMNATION: COMMISSIONERS. Under the Constitution (art 2, sec. 21; art. 12, sec. 4), the legislature has the authority to cause damages for a railroad right of way to be assessed in the first instance by commissioners.

2. ———: ———: ———: PAYMENT OF AWARD: TAKING POSSESSION. The legislature has also the power in all such condemnation cases to authorize the company seeking to acquire the property to take possession and to proceed with its work of construction, upon paying to the landowner, or into the court for him, the amount of such award by the commissioners.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*David Goldsmith* for appellants.

(1) The constitution of this state prohibits the disturbance of the possession of private property by virtue of the exercise of the right of eminent domain until the compensation therefor has been ascertained by a jury and paid to the owner or into court for the owner. And such compensation had not been thus ascertained in this case, though the right thereto was constantly insisted upon. *Railroad v. Story*, 96 Mo. 619; *Railroad v. Cudmore*, 103 Mo. 638; *Railroad v. Town-Site Co.*, 103 Mo. 469; *Railroad v. Shambaugh*, 17 S. W. Rep. 581; *Railroad v. Miller*, 17 S. W. Rep. 499; *Ring v. Bridge Co.*, 57 Mo. 498; *Bradley v. Railroad*, 91 Mo. 501; *Wagner v. Railroad*, 38 Ohio St. 36; *People ex rel. v. McRoberts*, 62 Ill. 38; *Kine v. Defenbaugh*, 64 Ill. 293; *Mitchell v. Railroad*, 68 Ill. 289; *Chambers v. Railroad*, 69 Ga. 320. (2) The defendant railway company had no right to enter upon plaintiff's land after the award of the commissioners had been vacated and before another award had been made in its place. *Provolt v. Railroad*, 69 Mo. 640; *Green v. Railroad*, 82 Mo. 657; *Johnson v. Railroad*, 45 N. J. Eq. 454; *Wait v. Railroad*, 22 Atl. Rep. 261.

*H. S. Priest* and *H. G. Herbel* for respondents.

(1) Injunction will not lie to prevent an entry after deposit made of the damages awarded the landowner

by the commissioners or the operation of the road after it has been built, where an adequate remedy at law exists. High on Injunctions [3 Ed.] secs. 598, 712, 715, 720; *Williams v. Etling,* 33 Conn. 355; *Railroad v. Railroad,* 96 Ill. 125; *Railroad v. Patterson,* 37 Md. 137; *Kip v. Railroad,* 6 Hun (N. Y.), 25; *Car Co. v. Trans. Co.,* 34 Fed. Rep. 357; *Stevens v. Railroad,* 6 C. E. Green, 265; *Connor v. Railroad,* 19 S. W. Rep. 597. (2) The right of entry after deposit with the clerk of the damages awarded the landowner is expressly conferred by the constitution and statutes of this state and landowner's right to a jury trial does not conflict therewith. Constitution, art. 12, sec. 4 and art. 2, sec. 20; Revised Statutes, 1889, sec. 2738; *Railroad v. Miller,* 106 Mo. 461; *Railroad v. Brick Co.,* 85 Mo. 332; *Ex parte Reynolds,* 52 Ark. 330; s. c., 12 S. W. Rep. 570; *Cherokee Nation v. Railroad,* 135 U. S. 658; *Kennedy v. Indianapolis,* 103 U. S. 600; *Railroad v. Shambaugh,* 106 Mo. 570; *Railroad v. Town-Site Co.,* 103 Mo. 470; Story on Constitutional Limitations [6 Ed.] pp. 71 and 72; *Railroad v. DeLissa,* 103 Mo. 125; *Gray v. Railroad,* 81 Mo. 126.

BLACK, J.—This was a suit to restrain the defendant from entering upon and constructing a railroad over a tract of land owned by the plaintiffs. The circuit court sustained the demurrer to the amended petition, and the plaintiffs appealed from a judgment entered thereon.

There are many things stated in the amended petition which are irrelevant to any question of law raised on this appeal, and which need not be mentioned.

This suit was commenced on the eleventh of March, 1887. According to the amended petition, which was filed in October, 1888, the Oak Hill & Carondelet Railway Company is a corporation organized

under the general laws of this state, with power to construct a railroad between designated points in the city of St. Louis. The other defendant, the Fruin-Bambrick Construction Company, had a contract with the railroad company for the construction of the road.

On the eighth of October, 1886, the railroad company commenced proceedings to condemn a right of way over various parcels of land, and among others over a tract of twenty-four acres owned by the plaintiffs. Commissioners to assess damages were appointed under the statute, and they made report to the circuit court on the twenty-second of November, 1886. It does not appear what amount they allowed the plaintiffs, but it is alleged that the railroad company, on the same day, paid the amount awarded to the plaintiffs into court. On the second of December, 1886, after the report had been filed and notice thereof had been given to the plaintiffs, they filed exceptions thereto, one of these exceptions being that the damages had not been assessed by a jury. The exceptions were sustained and the report of the commissioners set aside and a new appraisement awarded on the twenty-seventh of the last named month. At the time of filing the amended petition in this case, there had been no other or further assessment of damages.

The amended petition states further that the defendants entered upon said land and built a fence over and across the same, and were threatening and about to construct the railroad thereon at the time this suit was commenced, the eleventh of March, 1887; that after the institution of this suit the defendant entered and constructed the railroad on and over the land. The amended petition prays for a mandatory injunction.

From this statement of the facts it will be seen that it does appear whether the railroad company

entered upon the land before or after the court set aside the commissioner's report and awarded a new appraisement.    But it does appear that the company paid into court for the plaintiffs the amount of the award on the very day that the report was filed. Having done this, the company insists that it had a right to enter upon the land and proceed with its work, and that the subsequent setting aside of the award made by the commissioners did not affect this right.    On the other hand the plaintiffs insist that the company had no right to enter until the compensation to be paid for the land was fixed by the verdict of a jury, and until the compensation thus fixed was paid to plaintiffs or into court for them. Section 894 of the Revised Statutes of 1879 gives the circuit court, or the judge thereof in vacation, power to appoint commissioners to assess damages, the property owners being first served with summons; and makes it the duty of the commissioners to view the property, assess the damages, and make report thereof to the court; "and thereupon the said company shall pay to the said clerk the amount thus assessed for the party in whose favor such damages have been assessed; and on making such payment it shall be lawful for such company to hold the interest in the property so appropriated for the uses aforesaid."

Section 896 provides that this report may be reviewed upon exceptions filed within ten days after notice of the filing of the same, and then goes on to say, "and the court shall make such order thereon as right and justice may require, and may order a new appraisement, upon good cause shown.    Such new appraisement shall, at the request of either party, be made by a jury, under the supervision of the court, as in ordinary cases of inquiry of damages; but, notwithstanding such exceptions, such company may

proceed to  *  *  *  construct said road or railroad and any subsequent proceedings shall only affect the amount of compensation to be allowed."

The statute itself is free from difficulty or doubt. By its plain terms the condemning company may pay the amount awarded by the commissioners into court, and upon making such payment the company may enter into possession and proceed to construct the road. The amount awarded by the commissioners being paid into court for the landowner, the fact that exceptions are filed by either party and allowed, or even a jury trial awarded, can only affect the amount of the compensation, and does not deprive the company of the right still to proceed with the work. The first question which we have to determine is, therefore, whether the statute violates the constitution in so far as it allows the condemning company to take possession before the amount of compensation is *finally* fixed and settled. And the first inquiry is, whether it is in this respect in conflict with section 21 of article 2 of the Constitution of 1875, which declares: "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three free-holders, in such manner as may be prescribed by law, and, until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested."

It is to be observed in the first place that this provision is emphatic in two respects: *First*. The compensation must be ascertained either by a jury or a board of commissioners of not less than three free-holders; and *second*, the compensation thus ascertained must be paid to the owner or into court for him before the condemning company can take possession.

But this section does not guarantee to either party the right to a jury trial. The legislature is left free to pre-scribe either method of fixing the compensation and it is left free to prescribe the mode of procedure. There being no other constitutional limitations the legislature would have the power to make the commissioners' report final or to give a jury trial in the first instance and make the verdict final. It has, however, seen fit to allow either party to file exceptions to the commis-sioners' report, and has provided for a new trial; but in doing all this it has at the same time said the payment of the amount awarded by the commissioners shall entitle the company to enter and proceed with the work. This right, allowing either party to have the award reviewed, and a rehearing are privileges which are conferred by the statute, and not by the constitu-tion. This being so the statute cannot be said to vio-late the section of the constitution in question when it allows the condemning company to take possession upon the payment of the award made by the commis-sioners.

The payment of this award to the owner or into court for him satisfies the demands of the constitution, and the subsequent proceedings allowed are statutory and not constitutional rights. It is true the award of the commissioners was in this case set aside; but it was set aside for the purpose of allowing a new appraise-ment under the statute, and the fact that it was set aside for such purpose does not affect the conclusion before stated, because the same statute gives continued effect to the first award in this, that the condemning company can pay the amount thereof into court and proceed with the construction of the road. The legis-lature saw that to allow exceptions to the award and new hearings and appeals would result in great delay, and, to obviate the hardships arising therefrom in

stopping public improvements at the same time, attached the condition that the work might proceed by the payment of the first award to the owner or into court for him.

In *Railroad v. Brick Co.*, 85 Mo. 307, the commissioners made their report. The railroad company filed exceptions to the report in due time, and on the same day paid the amount of the award into court, and then entered into possession of the property. We held that the company had the right to have the exceptions filed by it heard, notwithstanding the fact that it entered into possession, and this for the reason that the statute gave it this right. The statute was then held not to be in conflict with the section of the constitution which we are now considering. That case is, in our opinion, direct authority for the conclusions which we have thus far expressed in this one.

The case of *Railroad v. Railroad*, 28 Kan. 453, is also in point here. The constitutional provision there in question provided: "No right of way shall be appropriated to the use of any corporation until full compensation therefor be first made in money or secured by a deposit of money to the owner." The statute provided for the assessment of damages by commissioners, and allowed an appeal from their award to the district court. It also declared that the appeal should only affect the amount of compensation, and should not delay the prosecution of the work, upon the company paying to the county treasurer the amount of damages assessed by the commissioners. The condemning company made the deposit. The other company took an appeal, and then applied for an injunction to restrain the condemning company from entering upon the property. The claim made was that the statute allowing the company to enter upon making a a deposit of the first award was unconstitutional. Says

the court: "Now if the legislature violates no constitutional provision in making the award of the comissioners final, if the landowner has no constitutional right to an appeal from such an award, it would seem to follow necessarily that that which the legislature may withhold altogether, it may grant upon conditions. The appeal being a matter of favor and not a matter of right, the power that grants it may prescribe the terms upon which it shall be taken. How can it be held that a landowner who has no right to appeal can—when one is tendered to him upon conditions — accept the tender and repudiate the conditions? Can he, of his own volition, enlarge the scope of a grant which is a mere matter of legislative favor? Many words cannot make this clearer; the landowner's constitutional guaranty terminates with the award of the commissioners."

We agree that the constitutional guaranties clearly expressed are not to be frittered away by legislatures or by the courts; and such guaranties are to be upheld regardless of any inconvenience or delay which may arise in consequence of giving them full force and effect. But the legislature is not to be hampered in those matters wherein it is left free to act. That part of the statute which gives the condemning company a right to enter upon paying the amount of the first award into court is not, in our opinion, in conflict with section 21, article 2, of the constitution. The payment of the first award into court satisfies the constitution, and the parties are still left free to proceed with the exceptions to a verdict of a jury and an appeal to this court.

We are cited to a number of cases as leading to a different result. In *People ex rel. McRoberts*, 62 Ill. 38, it was held under the constituton of that state, that the compensation could be ascertained only by a

jury, and that there could be no entrance upon the land until the compensation had been thus ascertained and paid. In the later case of *Railroad v. Phelps*, 125 Ill. 482, it was held that the company had the right to enter upon the premises after verdict and pending an appeal, upon giving bond as required by the eminent domain act of that state. In *Chambers v. Railroad*, 6 Ga. 3209, it was held that where the question of damages had been submitted to assessors, and the company appealed, it could not enter upon the land pending the appeal; but it does not appear that there had been any payment or offer to pay the amount of the assessor's award. The constitutional provision there in question provided: "Private property shall not be taken or damaged for public purposes without just and adequate compensation being *first paid.*" In the later case, in the same court of *Oliver v. Railroad*, 39 American and English Railroad Cases 107, it was held that under the statute of that state and this constitutional provision a railroad company had the right, after paying or tendering the compensation awarded by the assessors, to prosecute the work pending an appeal. These cases are authorities for, rather than against, any proposition which we have thus far announced. The other cases cited by the plaintiffs have been examined, and in our opinion they turn upon statutes or constitutional provisions quite unlike those now under consideration, and we see nothing in them to lead us to doubt the correctness of what we have before said.

2. Thus far we have tried the statute by section 21 of article 2 of the constitution, and it remains to be seen whether it can stand the test of that part of section 4 of article 12 which declares: "The right of trial by jury shall be held inviolate in all trials for compensation, where, in the exercise of said right of eminent domain,

any incorporated company shall be interested either for or against the exercise of said right.''

This clause appears in the article concerning corporations. It has been before this court on various occasions, and we have uniformily held that it secures to either party a jury trial in the class of cases there mentioned; that the proceeding to condemn may be commenced by the appointment of commissioners, but if either party demands a jury to re-assess the damages the court has no discretion in the matter, and a jury trial must be awarded. *Railroad v. Story*, 96 Mo. 611; *Railroad v. Cudmore*, 103 Mo. 635; *Railroad v. Town-Site Co.*, 103 Mo. 451; *Railroad v. Miller*, 106 Mo. 458; *Railroad v. Shambaugh*, 106 Mo. 557. As this clause guarantees a jury trial in the class of cases to which the one in hand belongs, and as either party is entitled to a jury for the asking at any time within ten days after notice of the filing of the commissioners' report, it is insisted that the commissioners' award goes for nothing, in case a jury is demanded, and in such case it is the verdict of the jury alone that can for any purpose be taken as amounting to an assessment of the compensation.

If this clause stood alone as to the matter of which it treats, namely, the ascertainment of the compensation to be paid for the property taken, we should have no hesitancy in adopting the construction just indicated. In that case the legislature would have no power to authorize the condemning company to enter upon or disturb the possession of the landowner until the compensation should be ascertained by a jury and paid to the owner or into court for him. But this clause must be understood and construed in connection with section 21 of article 2, before set out. They both relate to the same subject-matter, and must be made to harmonize if that can be done without doing violence

to the language of either.   Said section 2 is general in its terms.   It applies to all cases where private property is either taken or damaged for public use.   It says the compensation for the property shall be ascertained by a jury or a board of commissioners.   An award by a board of commissioners is sufficient and all that is by that section required; and it is this section, too, which prohibits the condemning company from disturbing the property until the compensation is ascertained and paid.   Now we have seen that, standing alone, it does not deny to the legislature the right to authorize the condemning company to take possession upon paying the amount of the award, made in the first instance to the owner or into court for him.

The clause of section 4, article 12 is much more restricted in its application.   It applies and applies only to those cases where, in the exercise of the right of eminent domain, an incorporated company is interested for or against the exercise of such right. Even in these cases the statute may, as it does, provide for an assessment of damages by commissioners in the first instance, either party being entitled to a jury as a matter of right at some stage of the proceedings. *Railroad  v.  Miller, supra.*   This clause was not designed to overthrow anything said in the prior section found in the bill of rights.   Full force is given to each by allowing the legislature to provide for an award by commissioners in the first instance in all cases, and by allowing the legislature to make that award the basis of payment and entry by the condemning corporation, and giving a jury to re-assess the damages in the subsequent proceedings.   Construing these two constitutional provisions together, as we must, we must conclude that the legislature has the power to cause the damages to be assessed in the first instance by commissioners, and that it has the power in all cases to

authorize the company seeking to acquire the property to take possession and proceed with its work upon paying to the owner or into court for him the amount of such award. This construction gives effect to both constitutional provisions, and is in accord with prior rulings of this court.

It follows from what has been said the circuit court did not err in sustaining the demurrer, and the judgment thereon is affirmed. All concur.