LEAVENWORTH TERMINAL RAILWAY AND BRIDGE COMPANY v. ATCHISON, *Appellant.*

Division One, January 27, 1897.

1. **Appellate Practice:** CONDEMNATION PROCEEDING: JURISDICTIONAL QUESTION. An appellant in a railroad condemnation proceeding can not raise for the first time in the supreme court the question that the land sought to be appropriated was not situated in Missouri but in Kansas; the record of the trial court affirmatively showing that it was in Missouri.

2. **Condemnation Proceeding:** ASSESSMENT OF DAMAGES: JURY TRIAL. The right, in a condemnation proceeding, to have the damages assessed by the jury is waived unless a timely demand is made therefor.

3. ———: ———: ———. Such demand comes too late if not made within ten days after service of notice of the filing of the commissioners' report.

4. ———: COMMISSIONERS' REPORT: NOTICE OF: NONRESIDENT OWNERS. Notice to landowners (required by R. S. 1889, sec. 2738) of the filing of the commissioners' report may, in case of nonresident owners, be posted in the office of the county clerk.

5. ———: ———: ———. It is not necessary that such notice shall set out the facts contained in the report.

6. ———: ———. An order setting aside the report of the commissioners may be vacated at a term subsequent to the one in which it is entered.

7. ———: PETITION: AMENDMENT. A judgment rendered in a condemnation proceeding on a petition amended after the publication of notice of the suit so as to change the land sought to be appropriated will not be binding on *non*-appearing defendants.

8. ———: ———: ———: APPEAL: PRESUMPTION. Where it is assigned as error that the plaintiff in condemnation proceedings was permitted to amend his petition by interlining an alteration in the description of the land, it will be presumed on appeal, in the absence of evidence to the contrary, that the amendment was made merely for the purpose of describing more accurately the same land.

*Appeal from Platte Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*John Doniphan, H. J. Gillpatrick,* and *A. D. Burnes* for appellants.

(1) Condemnation proceedings should be construed in strict conformity to the law, and if not, they are null and void. *Shaffer v. St. Louis,* 31 Mo. 264; *Lind v. Clemens,* 44 Mo. 540; *Swan v. Railroad,* 38 Mo. App. 593; *Fore v. Hook,* 48 Mo. App. 260. (2) The order of publication was not published for three weeks before the twenty-fourth of December, and it did not set out the jurisdictional facts. The fact that the owner of the land and the party condemning can not agree on the price to be paid for the land taken must appear on the face of the proceedings. Watts on Corporation Laws of Mo. [1 Ed.] 108; *Lind v. Clemens,*

44 Mo. 542; *Cunningham v. Railroad*, 61 Mo. 33; *Corrigan v. Morris*, 43 Mo. App. 456; *Rogers v. St. Charles*, 3 Mo. App. 41. (3) The clerk must notify the property owner of the filing of the report of the commissioners. *Boonville v. Ormrod*, 26 Mo. 193; *Swan v. Railroad*, 38 Mo. App. 593. (4) Exceptions to the report of the commissioners must be filed within ten days after notice given by the clerk, or before. R. S., sec. 2738; *Railroad v. Eubanks*, 32 Mo. App. 184. (5) Where the statute requires notice without any qualification made of serving same, personal notice must be given. The law directs the clerk to give notice of the filing of the report of the commissioners, but prescribes no mode of serving it. *Wilson v. Railroad*, 108 Mo. 595; *Allen v. Singer Mfg. Co.*, 72 Mo. 328; *Ryan v. Kelley*, 9 Mo. App. 396. (6) The notice given by the clerk was not sufficient, as it failed to inform defendant of the allowance made him or of any substantial fact except that a report was made. Personal notice is especially required when the suit is in derogation of common law rights, as taking one's property. Wade on Notice [2 Ed.], secs. 1334, 1335. (7) Even after the commissioners file their report, either party may demand a jury to reassess the damages, and the court has no jurisdiction in the matter, and a jury trial must be awarded. *Railroad v. McGrew*, 113 Mo. 393; *Railroad v. Town Site Co.*, 103 Mo. 451; *Rothan v. Railroad*, 113 Mo. 136; *Railroad v. Miller*, 106 Mo. 458; *Railroad v. Shambaugh*, 106 Mo. 557; *Railroad v. Fowler*, 113 Mo. 458; *Railroad v. Story*, 96 Mo. 611; *Thompson v. Railroad*, 110 Mo. 160; sec. 21, art. 2, constitution; sec. 4, art. 12, constitution. (8) The judgment rendered at the August term was a decree that could not be changed at next term. *Brown v. King*, 39 Mo. 380. The 96th Mo. is conclusive of this case, as he is entitled to it after the report is confirmed,

and is self-enforcing.   (9)   No pleadings are necessary in condemnation proceedings on the part of the defendant.  Watts, Missouri Corporation Law [1 Ed.], p. 110; *Railroad v. Calkins*, 90 Mo. 538; *Railroad v. Baker*, 102 Mo. 553.   (10)   The judgment of the court as to the constitutional right of jury trial could not be altered at the next term unless carried over by motion, as it was final as to the right of jury.   20 Mo. App. 322; 1 Black on Judgments, 306; *Bronson v. Shulten*, 104 U. S. 410.

*Jas. W. Coburn* for respondent.

(1)   It was not necessary, however, to introduce any evidence on the allegation in the petition that the parties could not agree as to the damages.   *Cory v. Railroad*, 100 Mo. 282; *Quayle v. Railroad*, 63 Mo. 465.   (2)   The truth of the allegation will be assumed, except upon issue raised.   *Railroad v. Town Site Co.*, 103 Mo. 451.   (3)   The order of publication was published for three consecutive weeks:   On December 2, 1892; on December 9, 1892, and on December 16, 1892, requiring appellant to appear at Liberty, Clay county, Missouri, on December 24, 1892, and recited the substance of the petition, and the date and place of the hearing of the petition.   The last insertion was eight days before December 24.   It was a sufficient publication.   *Haywood v. Russell*, 44 Mo. 252; R. S. 1889, sec. 2735.   (4)   The notice of the filing of the commissioners' report, posted by the circuit clerk in his office on April 17, 1893, was all that the law required.   *Railroad v. Jones*, 3 Mo. Legal News, p. 1; *Wilson v. Railroad*, 108 Mo. 588.   (5)   Under section 2738, Revised Statutes, 1889, the clerk, upon the filing of the commissioners' report, is required to notify the parties whose property is affected only "of the filing thereof."   The contents of the report were not required

to be stated in the notice. (6) Appearance cures defects in writ and service in a case of condemnation of a nonresident's land. *Union Depot Co. v. Frederick*, 21 S. W. Rep. 1118. (7) Section 2738, Revised Statutes, 1889, provides that exceptions to the commissioners' report shall be filed within ten days after the filing thereof. Appellant was entitled to a jury at some stage of the proceeding. *Railroad v. Miller*, 106 Mo. 461; *Rothan v. Railroad*, 113 Mo. 143. But a jury must be demanded within ten days after the notice of the filing of the commissioners' report. *Rothan v. Railroad*, 113 Mo. 142. By failing to except in ten days after the posting of the notice, appellant waived his right to a jury. *Railroad v. Eubanks*, 32 Mo. App. 184; *Railroad v. Town Site Co.*, 103 Mo. 451; *Merrill v. St. Louis*, 83 Mo. 244. (8) It was not error in the trial court to set aside its first order setting aside the commissioners' report and awarding a jury. These rulings of the court were orders, and not decrees or judgments, and the court, upon motion, could at any time during the pendency of the case alter or set them aside. R. S. 1889, secs. 2206, 2208. (9) Neither the approval of a report nor the refusal of the court to set aside a report, constitute a final judgment. *Papin v. Blumenthal*, 41 Mo. 439; *Buller v. Linzee*, 100 Mo. 95.

MACFARLANE, J.—This proceeding was commenced in the circuit court of Platte county, in vacation, the object of which was to condemn portions of defendant's land for a railroad and the approaches to a bridge, over the Missouri river, which was then in course of construction by plaintiff.

The petition was filed on the twenty-ninth day of November, 1892, and publication of notice to defendant, who was a nonresident of this state, was ordered. Notice was duly published, and on the twenty-fourth

day of December, 1892, plaintiff applied to the judge of said court in vacation for the appointment of commissioners to assess defendant's damages. The application was continued by the judge to the April term, 1893, of said court, by an order duly entered of record.

At the April term, 1893, commissioners were appointed by the court, who made report on the seventeenth of said month, assessing the damage of defendant at $225.

On the same day, viz., April 17, 1893, the clerk of said court posted in his office a notice which, after giving the style of the case, was as follows:

"To said defendant, David Atchison:

"You are hereby notified that the commissioners appointed by the court to assess the damages which you may sustain by reason of the appropriation of your property by said plaintiff for the purpose mentioned in its petition, did on the seventeenth day of April, 1893, file and report all their proceedings as such commissioners."

No further order in said cause was made at that term of court.

At the August term of said court, and on the twenty-sixth of August, 1893, defendant filed his motion praying the court to set aside the report of the commissioners and award him a trial by jury of the damage he would sustain on account of the appropriation of his land.

The grounds of this motion as appeared from the affidavit in support of it were that he had no knowledge of the proceeding and that his damage would be largely in excess of that awarded him by the commissioners.

Upon a hearing at the August term the motion for a jury trial was sustained and the cause was continued to the December term.

At the December term of court plaintiff filed a motion to set aside the order of the August term, and to approve the report of commissioners, which was sustained, the order awarding a jury trial was set aside, . and the report of commissioners was approved and confirmed.

Defendant filed a motion for a rehearing, assigning several grounds therefor, which, being overruled, he appealed.

I.   Defendant raises, for the first time, in this court, a question of jurisdiction.   It appears from copies of plats, filed in this court, that the land affected by the condemnation was originally an island in the Missouri river, lying between the town of Leavenworth, Kansas, on the west bank of the river, and the town of Weston, on the east bank of the river, in the state of Missouri, and known as Leavenworth Island. Defendant insists that the land attempted to be appropriated by this proceeding lies in the state of Kansas, and the circuit court of Platte county in the state of Missouri therefore had no jurisdiction to condemn it.

The question was not raised or determined by the circuit court.   There is nothing upon the record which even suggests the jurisdictional question.   The land is described throughout the proceedings as being situate in the state of Missouri.   None of the motions filed by defendant in the circuit court called in question the jurisdiction of that court on account of the location of the land.

It is true that a question of the jurisdiction of a court, of the general subject-matter of a suit, can be raised at any stage of the proceeding, even for the first time in an appellate court.   It can not be waived, and its consideration does not depend upon whether or not it was directly passed upon by the trial court, or whether assigned as error.   Indeed, if the trial court

had no general jurisdiction of the subject-matter, the appellate court could acquire none and it certainly has the right, at any time, to determine its own jurisdiction.

But a court may have the general right to decide a particular class of cases, and, at the same time, no right to decide a particular case of that class. The circuit court of Platte county has general jurisdiction in condemnation proceedings, but it has no power to condemn land situated in the state of Kansas. If the record showed on its face that the land was in the state of Kansas this court would set aside the judgment of the circuit court, whether the question was raised in that court or not. But, on the contrary, this record shows that the land condemned is located in Platte county, Missouri. The jurisdiction of the court therefore affirmatively appears.

Defendant, for the first time, in this court, thus presents an issuable question of fact, involving a determination of the division line between two states, and asks this court to hear evidence, and pass upon it, as an original question, and not as an error of the trial court.

Counsel admit that they are able to find no precedent in this state for such practice. They attempt to justify the practice upon the principle, before stated, that a question of jurisdiction of the subject-matter of a suit can be raised at any stage of the proceeding. They also cite some old authorities, in which it is held that an error in fact may be assigned, in an appellate court, when "the party seems to have no other remedy." *Hartshorn v. Wilson*, 2 Ohio, 27; *Smith v. Pratt*, 13 Ohio, 548.

They also cite *Waddingham v. Waddingham*, 27 Mo. App. 596, as sustaining their position. An examina-

tion of that case will show that the question of fact considered by the court of appeals was one which arose, by the act of the appellant, after the appeal had been taken, and which estopped her to deny the correctness of the judgment.

The supreme court, except in issues raised by certain original remedial writs, has only appellate jurisdiction for the correction of errors committed by courts having original jurisdiction.    Generally, it may be said, that an error which can only be shown to exist by proof of facts outside the record, can not be assigned in an appellate court.

There is no necessity to make an exception of this case, if one can be made in any case, for, if the land is in fact situate in the state of Kansas, the circuit court of Platte county, Missouri, had no jurisdiction to order its condemnation, and its judgment is absolutely void and affords no protection to plaintiff, in taking possession of, or trespassing upon, it.

The general rule that this court can only consider questions of error which appear upon the record must govern this case.

II.  Under the constitution defendant had the right to have his damages assessed by a jury.    But such right may be waived, and if no timely demand for a jury be made, a waiver will be presumed.

The statute fixes no time within which a jury may be demanded, but it does require that exceptions to the commissioners' report shall be filed, "in the clerk's office, within ten days after service of notice" that such report has been filed.    It is not expressly provided by the statute, but the necessary implication is that, unless exceptions are filed, the condemnation becomes complete and the proceedings end.    A demand for a jury, as has been held, would be a sufficient form of exception.    *Chicago, etc., R'y Co. v. McGrew*, 113 Mo. 390.

But under a fair construction of the statute the right to except would end unless asserted, either by written exceptions or a demand for a jury, within ten days after notice. The statute clearly does not contemplate that the proceedings shall be kept open, indefinitely, in order to afford parties an opportunity to demand a jury. *Rothan v. Railroad*, 113 Mo. 143.

The notice was posted by the clerk on the seventeenth of April, and exceptions were not filed until August 26 thereafter. The demand for a jury came too late and an assessment of damages by a jury must be taken as having been waived.

III. The petition, order of publication, order appointing commissioners and report of commissioners are all in substantial compliance with the requirements of the statute. If error, therefore, was committed it must be found in the proceedings subsequent to filing the report of commissioners, or in violation of some rule of practice.

The statute requires that, "upon the filing of such report of said commissioners, the clerk of the court wherein the same is filed shall duly notify the party whose property is affected of the filing thereof." R. S. 1889, sec. 2738.

On the day the report was filed, namely, April 17, 1893, the clerk of the court posted in his office a notice addressed to appellant, which, after giving the style of the case, was as follows: "You are hereby notified that the commissioners appointed by the court to assess damages which you may sustain, by reason of the appropriation of your property by said plaintiff, for the purpose mentioned in its petition, did on the seventeenth day of April, 1893, file and report all their proceedings as such commissioners." This notice was signed by the clerk officially.

In the first place it is insisted that the statute requires a personal notice to be served on the landowner.

This court ruled otherwise in the case of *Chicago, etc., R'y. Co. v. Swan,* 120 Mo. 30, where the precise question was raised. In that case it was held that the manner of giving the notice in case neither the owner nor his attorney reside in this state, should be governed by the provision of the general practice act, which makes a posting of the notice in the office of the clerk sufficient. Section 2034.

It is next insisted that the notice itself is insufficient in substance.

The statute only requires that notice of the filing of the report be given. The facts reported are not required to be incorporated in the notice. They appear from the report itself which is required to be kept on file. The proceeding for condemnation is summary and may be taken in vacation. The order of publication, or summons, as the case may be, brings before the court or judge the person whose land is to be affected. He is given the right to except to the report of the commissioners. The notice is intended merely to inform him that the report has been filed, so that he can make his objections thereto within the time required by the statute. For the purpose intended, the notice is sufficient in substance.

IV. The court at its August term, upon first hearing defendant's motion, made an order setting aside the report of the commissioners and for an assessment of damages by a jury. At the next term this order was set aside, the report was reinstated, and defendant's motion was then overruled and the report approved and confirmed.

Defendant insists that the order, first made, was

in the nature of a final judgment, and could only be set aside at the term at which it was made.

We do not agree that the action of the court in setting aside the report of the commissioners was a judgment.   It was no final determination of the rights of the parties.   It was a mere order, or direction of the court, which remained under its control, subject to be recalled or set aside, at any time before the proceedings were finally disposed of.   Revised Statutes, 1889, sec. 2208.

After the court had set aside its order and overruled defendant's motion to set aside the report of commissioners, defendant is left in the same situation as he would have occupied had his motion been overruled in the first place.   The motion came too late and was properly overruled.   The statute contemplates a summary proceeding, either in vacation or in term, or partly in both.   Filing the report of commissioners and payment of the damages assessed by them complete the appropriation, but the parties are given ten days after notice in which to except to the award. *St. Louis, etc., R'y Co. v. Clark*, 121 Mo. 195, and cases cited.   This will be the case though the report may be filed in vacation.   If it were intended that the parties should be entitled to ten court days in which to file exceptions a notice would not have been required. Parties to a pending suit must take notice of what is done in open court unless the statute provides otherwise.

V.   The record shows that after publication of notice, and before the appointment of commissioners, by leave of court, plaintiff amended its petition ''by interlining an alteration in the description of the land in said cause sought to be condemned.''   The judgment was by default.

A defendant is brought into court to answer the allegations of the petition. In condemnation proceedings it is essential that the land to be affected thereby should be described so that the owner may be advised of the demands made upon him. He may be indifferent as to the appropriation of one tract, and may seriously object to the appropriation of another. If he make default he can only be bound by a judgment authorized by the petition he was summoned to answer. A petition can not, therefore, be amended in a matter of substance, after publication of notice, so as to make a valid judgment thereon against a defendant who does not appear. *Janney v. Spedden*, 38 Mo. 395; *Milner v. Shipley*, 94 Mo. 109; *Vaughan v. Daniels*, 98 Mo. 234.

We are unable to determine from the record what particular amendment was made to the petition, or in what particular the description in the land was altered. The record does not show that the alteration in the description of the land made by the interlineation was such as to add to or take from the land as originally described in the petition. On the contrary the inference is that the land was the same and that the alteration was intended merely to make a more perfect description.

But aside from that, where the contrary is not made to appear, we must presume that the court acted correctly and allowed no amendment which affected the rights of defendant. It may be also said that this question was not raised, or insisted upon in the circuit court, as one of the grounds upon which it was sought to set aside the report of the commissioners.

Finding no error upon the record, the judgment is affirmed. All concur.