## SMITH ET AL. *v.* LONG.

[No. 7,014.    Filed May 19, 1909.]

APPEAL.—*Final Judgment.—Setting Aside Award of Arbitrators.*— No appeal lies from a judgment setting aside an award made by arbitrators, there being no final judgment.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by Harvey Smith and another against Lydia Long. From a judgment setting aside an award therein, plaintiffs appeal. *Appeal dismissed.*

*D. F. Brooks,* for appellants.
*Shively & Switzer,* for appellee.

MYERS, J.—This was an action by the appellants against the appellee to recover upon a common count for work and labor performed for appellee; for the value of certain buildings removed from their land to that of appellee; for money paid on a certain mortgage indebtedness of appellee; and for money paid on account of premiums for insurance on appellee's property, all of which was done and paid under and by virtue of an agreement, whereby appellee was to convey to appellants a certain forty-acre tract of land. Refusal by appellee to perform her part of the contract is alleged. We express no opinion as to the merits of the action.

The question before us at this time arises upon a motion filed by appellee to dismiss this appeal. The ground for this motion being that this appeal "is being prosecuted from an interlocutory order of the court setting aside and vacating the award of arbitrators." The question presented is, Does the record disclose a judgment from which an appeal will lie? The agreement to arbitrate was to the effect that all differences between the parties should be submitted to certain named persons, three in number, for decision in writing, which should be final and conclusive as to all matters between them, and requesting the Wabash Circuit Court to make an order referring the matters in the pleadings to the arbitrators named for a report. The record further shows the appointment of the arbitrators by the court; the acceptance and qualification of the arbitrators; the award; motion for judgment by the appellants; exceptions to the award by the appellee; trial thereof by the court; judgment setting aside the award, which was the only judgment rendered by the court; and the motion for a new trial, which was overruled. From said judgment this appeal was taken. From the proceedings mentioned, it is clear that the parties in the trial court proceeded under the provisions of our code. §875 *et seq.* Burns 1908, §830 *et seq.* R. S. 1881.

The right of appeal is given by statute, and unless appel-

lants can point to a statute giving them such right, appellee's motion must be sustained. Appellants have not referred us to any statute expressly authorizing an appeal from a judgment of the court vacating an award of arbitrators, and we think it must be conceded that there is no such statute. It will also be conceded that the right of appeal, if any, from such a judgment must be found within the general provisions of the law authorizing appeals in civil cases. This law authorizes an appeal only from a judgment finally disposing of the case; that is to say, except as otherwise provided by statute, the judgment must be such as finally to dispose of the case so far as the trial court has power so to do. §671 Burns 1908, §632 R. S. 1881, 2 Thornton's Civil Code, §437; *Starkey* v. *Starkey* (1906), 166 Ind. 140; *Keller* v. *Jordan* (1897), 147 Ind. 113. Our code (§898, *supra*), expressly provides that the report of arbitrators "shall be of the same effect, and be deemed and taken to be as available in law as the verdict of a jury," and §892, *supra*, authorizes the court to vacate such award or report, for certain specific causes. That is what the trial court did in this case. Its order and judgment in that regard was not such a disposition of the case as would authorize an appeal to this court as from a final judgment. *Shroyer* v. *Bash* (1877), 57 Ind. 349, 358; *Masten* v. *Indiana Car, etc., Co.* (1898), 19 Ind. App. 633.

Appeal dismissed.