### CITY OF EUFAULA v. AHRENS *et al.*

No. 6945.    Opinion Filed July 11, 1916.

(159 Pac. 327.)

**EMINENT DOMAIN—Review—Decisions Reviewable—Finality of Order.** An order setting aside the report of commissioners, appointed to view the property and assess damages sustained by property owners in condemnation proceedings, and directing a new appraisement, is interlocutory and not final, and an appeal will not lie therefrom.

(Syllabus by the Court.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Condemnation proceedings by the City of Eufaula against Kate S. Ahrens and others. On motion of defendants the report of the commissioners was set aside and a new appraisement ordered, and plaintiff brings error. Dismissed.

*Carl W. Gust,* for plaintiff in error.

*Jess W. Watts* and *Alvin F. Molony,* for defendants in error.

HARDY, J. The city of Eufaula, a municipal corporation, instituted proceedings to condemn certain lands within its corporate limits for street purposes. The proceedings were regularly conducted according to statute, resulting in the appointment of commissioners, who inspected said property and assessed the damages sustained by the owners thereof, and made a report in writing to the clerk of the district court in which the proceedings were pending, as required by law. Thereafter, upon motion of the property owners alleging that the commissioners had viewed the property and appraised the damages without notice to or an opportunity to be heard by the said owners, and upon the ground that the damages assessed were inadequate, the report of the commissioners was set aside and a new appraisement ordered, to which action the city reserved exceptions and prosecutes error.

Defendants in error file motion to dismiss this appeal upon the ground that the order complained of is not a final order involving the merits of the action. The statute under which the proceedings were had is found in section 1400, and certain succeeding sections, of Rev. Laws 1910; and by section 1402 it is provided that the report of the commissioners may be reviewed by the district court on written exceptions filed by either party in the clerk's office within 60 days after the filing of such report, and the court shall make such order therein as right and justice may require, either by confirmation, rejection, or by ordering a new appraisement on good cause shown; and said section further provides that either party

may demand a jury trial within 30 days.   Section 1403 in part is as follows:

"Either party aggrieved may appeal from the decision of the district court to the Supreme Court; but such review or appeal shall not delay the prosecution of the work on such railroad over the premises in question, if such corporation shall first have paid to the owner of said property, or deposited with the said clerk for said owner, the amount so assessed by said commissioners or district court. *     *     *  "

While the language quoted indicates that the statute is applicable to proceedings by railroad corporations, the next section, 1404, makes the provisions of this article apply to all corporations having the right of eminent domain.

The question here presented is whether the order of the court, sustaining the exceptions to the report of the commissioners and directing a new appraisement, is a final order such as may be reviewed by this court on appeal. That the court had authority to direct a new appraisement is shown by section 1402.   Plaintiff in error says in this connection, however, that the court was without power to entertain and hear said exceptions for the reason that they were not filed within 60 days after the filing of the report of the commissioners, as required by said section. If the order is not of such a nature as that from which the statute authorizes an appeal, that question cannot be considered and determined in this proceeding.   The right of appeal in this character of proceeding is granted by section 1403, and an examination of its language convinces us that it contemplates a final disposition of the proceeding; for it is provided in that section that such review or appeal shall not delay the prosecution of the work of the corporation over the premises sought to be condemned, in

the event such corporation shall pay to the owner of the property taken the amount awarded by the report of the commissioners or shall deposit said amount with the clerk of the district court, or, in the event trial is had to a jury, shall pay or deposit the amount awarded by the verdict of the jury.

These steps could not be taken where no amount had been ascertained. The right of the corporation to take possession of the property and proceed with the work contemplated depends upon the ascertainment of the amount of damages to be paid either by the report of the appraisers or by verdict of the jury and judgment of the court pronounced thereon. Such a decree would be a final order determining the rights of the parties, from which an appeal would lie under the statute. Likewise, should the court reject the report of the appraisers and render judgment denying the right to compensation, this would be such a final order as would sustain an appeal. In the present case, however, no order of either kind was entered, but the report was set aside and a new appraisement ordered, and the proceedings then stood in the same attitude as if no report had been filed. A similar question has frequently been presented where an order is made setting aside a judgment for the purpose of permitting a party to prosecute or defend, or for other good cause, and it is held that such an order is interlocutory and is not a final order from which an appeal will lie to the Supreme Court. See *Town of Byars v. Sprouls*, 24 Okla. 299, 103 Pac. 1038; *Moody & Co. v. Freeman et al.*, 24 Okla. 701, 104 Pac. 30; *Aetna Bldg. & Loan Ass'n v. Williams et al.*, 26 Okla. 191, 108 Pac. 1100; *Moody & Co. v. Freeman-Sipes Co. et al.*, 29 Okla. 390, 118 Pac. 135; *Smith v. Whitlow et al.*, 31 Okla. 758, 123 Pac. 1061; *Langston v. Thigpen*, 33

Okla. 605, 127 Pac. 258; *Pierce Coal Co. et al. v. Walker,* 35 Okla. 187, 128 Pac. 493; *Rahl v. Marlow State Bank et al.,* 37 Okla. 170, 131 Pac. 525.

That an order in condemnation proceedings, sustaining exceptions to the report of the board of commissioners or appraisers and ordering a new appraisement, is interlocutory and not final, and is not an order affecting the substantial rights of the parties, is declared in the decisions of the courts in the following cases. See *Smith et al. v. Long,* 43 Ind. App. 668, 88 N. E. 356; *Cape Fear & Y. Val. R. Co. v. King et al.,* 125 N. C. 454, 34 S. E. 541; *Leavenworth Ter. Ry. & B. Co. v. Atchison,* 137 Mo. 218, 37 S. W. 913; *In re Road in Kiskiminitas Twp.,* 32 Pa. 9; *In re Pet. N. Y. & Harlem R. R. Co.,* 98 N. Y. 12; *In re App. N. Y., West Shore v. Buffalo Ry. Co.,* 94 N. Y. 287; *Turner et al. v. Holleran et al.,* 11 Minn. 253 (Gil. 168); *McNamara v. Minn. Cent. R. R. Co.,* 12 Minn. 338 (Gil. 269); *Fletcher v. C., St. P., M. & O. Ry. Co.,* 67 Minn. 339, 69 N. W. 1085; *Judson et al. v. Gage,* 98 Fed. 540, 39 C. C. A. 156; *Matter of Croasdell,* 2 K. B. (1906) 569. See, also, 2 Lewis, Eminent Domain, sec. 803.

The order from which the appeal is prosecuted not being one from which an appeal would lie, the cause is dismissed.

All the Justices concur.