HOUSING AUTHORITY OF the CITY OF MARSHALL, Mo., Plaintiff-Respondent,

v.

Charles EMMERSON, Defendant-Appellant.

No. WD 37379.

Missouri Court of Appeals, Western District.

April 15, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 22, 1986.

Application to Transfer Denied July 15, 1986.

Roy W. Brown and Bruce B. Brown, Brown & Brown, Kearney, for defendant-appellant.

Tut Bellamy, Bellamy & Bellamy, Marshall, for plaintiff-respondent.

Before LOWENSTEIN, P.J., and TURNAGE and BERREY, JJ.

TURNAGE, Judge.

The Housing Authority of the City of Marshall, Missouri commenced a condemnation proceeding to acquire land owned by Charles Emmerson. The court dismissed Emmerson's exceptions to the commissioner's report and entered final judgment. Emmerson contends the notice of the filing of the commissioner's report was insufficient. Affirmed.

The condemnation action followed the usual course including the appointment of commissioners and the filing of a report by

them. After the commissioners filed their report Emmerson was served personally on May 9, 1985 with notice that the report had been filed. The notice advised Emmerson that the commissioners appointed by the court to assess damages which he might sustain by reason of the appropriation of his property filed their report on May 7, 1985.

Emmerson was not represented by an attorney and took no action after he was served with the notice of the filing of the commissioner's report. On June 5, 1985, Emmerson was personally served with a notice advising him that on June 3 the amount awarded by the commissioners had been deposited with the clerk of the circuit court.

Emmerson thereafter retained an attorney who filed exceptions to the commissioner's report on June 14, 1985. The Housing Authority filed a motion to dismiss the exceptions as not timely filed and the court sustained that motion and entered final judgment.

█ Emmerson contends that he took no action following the notice of the filing of the commissioner's report because the report did not advise him of the amount of the award or that he had ten days in which to file exceptions. Section 523.050, RSMo 1978, and Rule 86.08 do not require any particular form of the notice of the filing of the commissioners' report. These provisions simply require that immediately after the filing of a report of the commissioners the clerk of the court where the report is filed shall notify the party of such filing. These provisions also require that exceptions to the report shall be filed within ten days after service of the notice.

Emmerson does not contend that the notice failed to comply with § 523.050 or Rule 86.08, but contends that he could not be expected to take any action following service of the notice of the filing when the notice did not advise him of the amount of the award or that he had ten days in which to file exceptions.

In *Leavenworth Terminal Railway & Bridge Co. v. Atchison,* 137 Mo. 218, 37 S.W. 913 (1896), the court considered a notice of the filing of the commissioner's report which was in virtually identical language to the notice in this case. In considering a challenge to the notice, the court stated:

> It is next insisted that the notice itself is insufficient in substance. The statute only requires that notice of the filing of the report be given. The facts reported are not required to be incorporated in the notice. They appear from the report itself, which is required to be kept on file. The proceeding for condemnation is summary, and may be taken in vacation. The order of publication or summons, as the case may be, brings before the court or judge the person whose land is to be affected. He is given the right to except to the report of the commissioners. The notice is intended merely to inform him that the report has been filed, so that he can make his objections thereto within the time required by the statute. For the purpose intended, the notice is sufficient in substance.

37 S.W. at 915.

No case has been cited and research by this court has failed to disclose any case contrary to *Atchison.* As the court stated the notice is intended only to advise the parties that the report has been filed. Thereafter, the parties are free to examine the report in the clerk's office. *Atchison* clearly held that the purpose for the notice is fulfilled by the service of a notice which informs the parties that the report has been filed without setting out in the notice the facts contained in the report. Under the holding in *Atchison,* the notice given to Emmerson was sufficient.

The court in *Atchison,* 37 S.W. at 914, further held that although a property owner is entitled to have the damages assessed by a jury, that right may be waived if a timely demand for a jury is not made. As noted, the exceptions of Emmerson were not filed within ten days after service of the notice of the filing of the report.

*Atchison* held that a demand for a jury filed more than ten days after notice of the report was too late and the right to have the damages assessed by a jury was thereby waived. The holding in *Atchison* on this point was followed by this court in *State ex rel. Root Levee Dist. of Carroll County v. Root,* 219 S.W.2d 398, 399[2] (Mo.App.1949), and by the Southern District in *City of Sikeston v. Rolanco, Inc.,* 650 S.W.2d 729, 731[3, 4] (Mo.App.1983). Although *Atchison* was decided in 1896 it continues to be the law.

The notice of the filing of the commissioner's report complied with the statute and the rule. By failing to request the assessment of damages by a jury within ten days after receiving notice of the filing of the report Emmerson waived his right to have the damages assessed by a jury.

The judgment is affirmed.

All concur.