**CITY OF KANSAS CITY,
Missouri, Respondent,**

v.

**Peter G. KOKLAS, Appellant.**

**No. WD 46521.**

Missouri Court of Appeals,
Western District.

March 23, 1993.

John G. Schultz and John L. Mullen, Kansas City, for appellant.

Richard N. Ward, City Atty., Walter J. O'Toole, Jr., Asst. City Atty., Kansas City, for respondent.

Before SMART, P.J., and SHANGLER and FENNER, JJ.

PER CURIAM.

Peter G. Koklas contests the denial of a jury trial for the assessment of damages in a condemnation action.

The City of Kansas City instituted condemnation proceedings to acquire real property owned by Koklas in furtherance of expansion of the City Market. At the initial hearing, the trial judge explained to Koklas, who was acting pro se, the procedure for filing exceptions should he be dissatisfied with the commissioners' valuation of his property. After appointment and investigation, the commissioners filed their report assessing Koklas's damages at $110,000. The notice of the filing of the commissioners' report was mailed to the parties on October 15, 1990. The City filed its exceptions eight days later on October 23, 1990.

The record reveals no action taken by Koklas until he appeared at a hearing on the City's motion for order of possession on December 7, 1990. During the hearing, Koklas asked for a jury trial on the assessment of damages. Koklas also stated that he had related his desire for a jury trial to the commissioners and to counsel for the City. The trial judge granted the City's motion, but allowed Koklas to make an oral motion for a jury trial.

After the hearing, newly retained counsel filed exceptions on Koklas's behalf on December 19, 1990. Sustaining the City's motion, the trial judge dismissed Koklas's exceptions on May 20, 1991. The City moved to withdraw its exceptions, and was

granted voluntary dismissal of those exceptions on July 2, 1992.

Claiming error in denying him a jury trial, Koklas argues that his repeated oral demands were legally sufficient to preserve his right to a jury trial. He maintains that requesting a jury trial in the exceptions is merely one permissive manner for securing assessment of damages by a jury. In the alternative, Koklas suggests that he could properly rely on the City's filing of exceptions for his entitlement to a jury trial.

However, Koklas fails to recognize the necessity of timely filing exceptions to the commissioners' report to preserve the right to a jury trial. Under the regulatory and statutory scheme, parties to a condemnation action are required to file exceptions within ten days after the service or posting of the notice of the filing of the commissioners' report. Rule 86.08; § 523.050, RSMo 1986.

The right to a jury trial is contingent upon timely filing the exceptions. The pertinent provisions of Rule 86.08 state:

> ... Any party may file written exceptions to the report of the commissioners within ten days after the service or posting of the notice aforesaid. Upon the filing of such exceptions, the issue of the amount of damages sustained by, and benefits accruing to, the defendant's property, if any, as a result of the appropriation, shall be submitted to a jury, or, if a jury be waived, to the court, to be tried as in ordinary cases of inquiry of damages ...

Section 523.060, RSMo 1986, provides:

> Any plaintiff or defendant, individual or corporate, shall have the right of trial by jury of twelve persons, if either party file exceptions to the award of commissioners in any condemnation case.

The use of the language, "[u]pon the filing of such exceptions," and "if either party file exceptions," conditions the right to a jury trial on the timely filing of exceptions. By failing to file exceptions within the ten-day deadline, a party to a condemnation action, in essence, waives the right to demand a jury trial. *See Housing Auth. of Marshall v. Emmerson,* 712 S.W.2d 696, 698 (Mo.App.1986).

Further, contrary to Koklas's suggestion, a party may not premise the right to a jury trial on the filing of exceptions by the adversary party. When only one party to a condemnation action has filed exceptions, that party can properly withdraw or dismiss those exceptions without being forced to trial. *See State ex rel. State Highway Comm'n v. James,* 115 S.W.2d 225, 226 (Mo.App.1938). A party cannot demand that the adversary preserve for the party the right to a jury trial either by (1) filing exceptions within the ten-day period, or (2) by keeping exceptions on file. *State ex rel. State Highway Comm'n v. Kimberlin,* 267 S.W.2d 51, 53 (Mo.App.1954).

Here, Koklas filed his exceptions more than fifty days after the deadline. His untimely filing effectively waived his right to a jury trial on the assessment of damages. The City's voluntary dismissal of its exceptions ended the litigation.

We accordingly deny Koklas's point on appeal, and affirm the trial judge's action.