WELLINGER ET AL. v. WELLINGER.

[No. 5,650.    Filed November 13, 1906.]

1.  JUDGMENT.—Default.—Setting Aside.—Excusable Neglect.— Statutes.—Under §399 Burns 1901, §396 R. S. 1881, a party against whom judgment has been taken through mistake, surprise or excusable neglect, has the legal right to have such judgment set aside.    p. 63.

2.  SAME. — Setting Aside. — Excusable Neglect. — Pleading. — Trial.—Evidence.—A complaint or motion is the only pleading necessary in a proceeding to set aside a judgment taken through the complaining parties' inadvertence, surprise or excusable neglect; and the evidence in support thereof may be oral or by affidavits.    p. 63.

3.  SAME.—Setting Aside.—Application.—Defense.—Evidence.— An application to set aside a judgment taken by surprise, inadvertence or excusable neglect must set forth a meritorious defense to the original action; and evidence is admissible, on the hearing of such application, to disprove such surprise, inadvertence or neglect, but not to disprove such defense.    p. 63.

4.  DEEDS.—Tenancy by Entireties.—Husband and Wife.—Lands held by husband and wife as tenants by the entirety, descend to the survivor.    p. 64.

5.  JUDGMENT.—Setting Aside for Excusable Neglect.—Effect.— The setting aside of a judgment on the ground that it was taken through surprise, inadvertence or excusable neglect, merely opens the case for another trial as though no judgment had been rendered.    p. 64.

6.  MARRIAGE. — Legality. — Presumptions. — A marriage solemnized under the laws of this State imports that the contracting parties were competent to marry.    p. 64.

7.  QUIETING TITLE.—Deeds.—Tenancy by Entireties.—Marriage. —Invalidity.—That the surviving widow had an undivorced husband living at the time of contracting the subsequent marriage constitutes a defense, on behalf of the subsequent husband's children, to her suit to quiet title to lands held by her and the subsequent husband as husband and wife.    p. 64.

8.  JUDGMENT.—Excusable Neglect.—What is.—That the deceased husband's children in a quiet title case did not know, and by the exercise of reasonable diligence could not know of the surviving widow's previous marriage, and that she was undivorced when she contracted the subsequent marriage by

virtue of which she claimed the property in question, constitutes "excusable neglect" in permitting a judgment by default to be taken against them quieting such widow's title. p. 64.

From Howard Circuit Court; *J. F. Elliott,* Judge.

Application by Lewis Wellinger and others against Amelia Wellinger. From a decree for defendant, plaintiffs appeal. *Reversed.*

*James M. Purvis* and *John P. Kemp,* for appellants.
*Beauchamp, Mount & Proctor,* for appellee.

ROBINSON, C. J.—Appellants sued to set aside a default and decree, taken against them through their mistake, inadvertence and excusable neglect, quieting title to certain lands in appellee in a suit by appellee against appellants. It is averred in the verified complaint that in 1892, Frederick Wellinger, the father of appellants, was a widower, and owned in fee simple the lands in question, and in that year he and appellee entered into a marriage contract, procured a marriage license from the county clerk, and had a minister perform the ceremony making appellee, as these appellants and Frederick Wellinger believed, the lawful wife of Frederick; that in July, 1893, Wellinger and appellee conveyed the land to one Mock as trustee, who on the same date reconveyed the land to Wellinger and appellee as husband and wife, as Wellinger and appellants believed; that in September, 1902, Frederick Wellinger died intestate leaving as his only heirs at law these appellants, his children, and the appellee, as his widow, as appellants then believed; that immediately after the death of Frederick Wellinger, appellee claimed to be the owner of all the lands as surviving widow, and brought a suit against appellants to quiet her title; that as soon as such suit was brought, and summons served upon them, they immediately went to employ counsel to ascertain if they had any interest in the land, and they were informed by such counsel that by the deed

appellee took the land as survivor; that after consulting several attorneys, and receiving the same advice from all of them—"that they (appellants) had no interest in said land" —they permitted judgment to be taken against them by default, believing at the time that appellee was the lawful wife of Wellinger when the deed was made, and so remained his lawful wife until the time of his death. It is further averred that within the last thirty days appellants have learned that appellee never was the lawful wife of Wellinger; that in January, 1866, at Zanesville, Ohio, appellee was married to John Cottenbrook; that she and Cottenbrook lived and cohabited as husband and wife for seven or eight years, when they separated, but were never divorced, and remained husband and wife until the death of Cottenbrook in August, 1895, and that at the time she married Wellinger, and when the deeds were made, she was the wife of Cottenbrook, but concealed such fact from Wellinger and these appellants; that appellee married Wellinger as Amelia Lowman, claiming to be the widow of one Lowman, deceased; that appellants live in the counties of Tipton, Madison, and Decatur, in Indiana, and have never been in the state of Ohio, nor had any opportunity or means of learning that appellee had married Cottenbrook and was still his wife; that the first intimation appellants obtained concerning such fact was obtained from statements and admissions recently made by appellee and newspaper reports, and upon investigation, immediately thereafter made, they learned that appellee was the lawful wife of Cottenbrook when married to Wellinger; that they have a valid and meritorious defense to the suit in this: that they inherited the land from Wellinger at his death as his only heirs, and that they would have pleaded and proved the same but for the facts heretofore stated.

Section 399 Burns 1901, §396 R. S. 1881, provides that the court "shall relieve a party from a judgment taken

against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years." Prior to the foregoing act, which is the amended act of March 4, 1867 (Acts 1867, p. 100), relief from a judgment taken through mistake, inadvertence, surprise or excusable neglect, was discretionary with the court. "It is evident," said the court in *Smith* v. *Noe* (1868), 30 Ind. 117, "that the legislature, by the use of the word 'shall' in the section as amended, intended to adopt a more liberal practice in such cases, by excluding the idea of any mere discretionary power in the court in granting or refusing the application, and to confer on the party the right to demand the relief, when it is made to appear that the judgment was taken against him through his 'mistake, inadvertence, surprise, or excusable neglect,' and that this court, in reviewing the question, should be governed by the same rule."

In such a case no pleadings are contemplated beyond the complaint or motion, and the proceeding is to be determined in a summary manner. The evidence may consist of affidavits, depositions, or oral testimony. Counter-affidavits may be submitted. But, if, as in the present case, the application is required to show a meritorious defense, counter-affidavits or countervailing evidence should not be received on that question, although affidavits or oral evidence may be heard to controvert the alleged excuse for suffering the default to go. *Hill* v. *Crump* (1865), 24 Ind. 291; *Buck* v. *Havens* (1872), 40 Ind. 221; *Lake* v. *Jones* (1874), 49 Ind. 297; *Nord* v. *Marty* (1877), 56 Ind. 531; *Douglass* v. *Keehn* (1881), 78 Ind. 199; *Lawler* v. *Couch* (1881), 80 Ind. 369; *Brumbaugh* v. *Stockman* (1882), 83 Ind. 583; *Dobbins* v. *McNamara* (1887), 113 Ind. 54, 3 Am. St. 626; *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175.

It appears that when appellee sued to quiet title, appellants were duly summoned, and, believing that appellee had been the lawful wife of Frederick Wellinger, in which event, under the deeds, she would take all the land as survivor, they permitted judgment to be taken against them by default.

The defense that appellants undertook to show they had to the suit to quiet title was, that appellee never was the wife of Frederick Wellinger. The verified application shows that fact. They were not seeking a decree that the judgment rendered against them might be declared void, but were asking only that they be permitted to interpose this defense to the suit. The truth or falsity of this defense was not in issue. Appellants were not asking for a decree, and a decree of any kind in their favor would not necessarily follow if they were successful in their application. It is true that the application shows that the marriage of Frederick Wellinger and appellee was consummated in accordance with the laws of this State, and the legal presumption is that the parties were competent to marry, but the application shows also that this marriage was not valid, for the reason that when attempted to be consummated appellee had previously been married to another man who was then living and from whom she had never been divorced. The application shows a meritorious defense to the suit to quiet title, and if true would defeat appellee's claim to the land by title, as survivor, to an estate held by her and Wellinger as husband and wife. Any question as to the effect of the deeds is not presented in this case.

It is quite true that when a person is sued and duly summoned, he cannot be excused from informing himself of his legal rights, and if he concludes that the only defense he has is not available, and abandons the case and suffers default, he cannot be

heard afterward to complain. But this must be held to mean the defense which he knew he then had; that is, that the party knew the facts constituting the defense, but believed that such facts did not constitute an available defense. If appellants had known of the former undivorced husband, but believed that such fact was not a defense, and had permitted the default to go, they could not be heard now to complain. But this fact they did not then know, and learned it only a short time before this suit was brought. It is not material how they learned it. The application avers the fact to be that appellee never was the lawful wife of Wellinger, but at the time of her marriage with Wellinger she had a husband then living from whom she was not divorced.

The application states that until a short time before this suit was brought appellants had no knowledge that appellee was the undivorced wife of Cottenbrook when she married Wellinger. The evidence does not controvert this, nor does it show that they had knowledge of any facts, which, through reasonable diligence on their part, would have disclosed to them the invalidity of the marriage. They knew appellee and Wellinger were duly married, and that they lived together as husband and wife until his death; and that when they were married appellee claimed to be the widow of Lowman, deceased. A careful reading of all the evidence fails to show that, by the exercise of reasonable diligence on the part of appellants, they could have known at the time the default was taken the true relation of appellee and Wellinger. From the application and the evidence we think the conclusion must necessarily follow that the reason for the appellants' failure to defend the suit resulted from a mistake concerning the facts, and not from want of information as to their right to plead this defense until after the judgment by default.

Judgment reversed.