O'NEIL *v.* HUDSON.

[No. 9,108. Filed October 13, 1915.]

APPEAL.—*Judgments Appealable.—Order Setting Aside Default.*— An order setting aside a judgment taken by default is not a final judgment from which an appeal will lie.

From St. Joseph Superior Court; *Archibald G. Graham,* Special Judge.

Proceeding by Millie Hudson to set aside a judgment by default taken by William J. O'Neil. From an order setting aside the judgment, this appeal is prosecuted. *Appeal dismissed.*

*William N. Bergan* and *Henry A. Steis,* for appellant.
*George A. Kurtz,* for appellee.

FELT, J.—This proceeding was instituted by appellee on April 26, 1912, to set aside a default and judgment in favor of appellant, taken against her on April 19, 1912, the last day of the February term of court. Appellant has assigned as errors, the overruling of the demurrer to the complaint,

and error in the conclusions of law stated on the special finding of facts.

The court stated as its conclusions of law, ''That the default and judgment heretofore taken and rendered by the St. Joseph Superior Court on the 19th of April, 1912, in the case of *William O'Neil* v. *Millie Hudson et al.* be set aside as to the plaintiff herein,'' and thereupon rendered judgment as follows: ''It is therefore considered and adjudged by the court that the default heretofore entered herein be and it is hereby set aside as to the plaintiff. And defendant now prays an appeal to the Supreme Court of Indiana, which is granted'', etc. Appellee contends that the foregong order is not a final judgment from which an appeal lies; that an appeal does not lie from an order vacating or setting aside a judgment, and permitting the aggrieved party to appear and defend the action. The contention of appellee must be sustained. The question is settled by our decisions that such an order is not a final judgment within the meaning of our statutes authorizing appeals. §§671, 1392 Burns 1914, §632 R. S. 1881, Acts 1907 p. 237; *Masten* v. *Indiana Car, etc., Co.* (1898), 19 Ind. App. 633, 49 N. E. 981; *Foote* v. *Foote* (1913), 53 Ind. App. 673, 677, 102 N. E. 393; *Smith* v. *Long* (1909), 43 Ind. App. 668, 88 N. E. 356; *Wehmeier* v. *Mercantile Banking Co.* (1912), 49 Ind. App. 454, 456, 97 N. E. 558; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 514, 82 N. E. 1037; *Kelley* v. *Augsperger* (1908), 171 Ind. 155, 85 N. E. 1004; *Barnhart* v. *Cissna* (1873), 42 Ind. 477; *State, ex rel.* v. *Shenk* (1907), 168 Ind. 553, 555, 80 N. E. 541.

The appeal is therefore dismissed.

Note.—Reported in 109 N. E. 792.  See, also, 3 C. J. 523; 2 Cyc. 601.