DAUB ET AL. *v.* VAN LUNDY.

[No. 9,419. Filed December 18, 1917. Rehearing denied April 24, 1918.]

1. APPEAL.—*Review.*—*Ruling on Motion to Vacate Judgment.*—A motion to vacate a default judgment, filed at the same term at which such judgment was rendered, is a part of the proceedings of the cause, and the ruling thereon, having properly been assigned as error, calls for consideration on appeal. p. 473.

2. JUDGMENT.—*Default.*—*Setting Aside.*—Section 405 Burns 1914, §396 R. S. 1881, imposes an imperative duty on the court to relieve a party from a judgment against him, through his mistake, inadvertence, surprise or excusable neglect, where such facts are made to appear to the satisfaction of the court. p. 473.

3. APPEAL.—*Review.*—*Ruling on Motion to Set Aside Default.*—*Evidence.*—*Verified Motion.*—*Consideration.*—A verified motion to set aside a default partakes of the nature of a deposition and parol testimony, and is within the rule against weighing evidence on appeal. p. 473.

4. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—A decision of the trial court on a motion to set aside a default judgment will not be disturbed on appeal, where there is evidence to sustain it. p. 474.

5. APPEAL.—Review.—Ruling on Motion to Set Aside Default Judgment.—Evidence.—Sufficiency.—Where it appeared from a verified affidavit to set aside a default judgment that such judgment was entered after failure of affiant's attorneys to comply with a rule absolute to answer, a mere showing that affiant's attorneys had entered into an agreement outside of court with an attorney of the opposing party granting further time to comply with the rule, was insufficient to show mistake, surprise, inadvertence or excusable neglect entitling affiant to relief under §405 Burns 1914, §396 R. S. 1881. p. 474.

6. JUDGMENT.—Default.—Motion to Set Aside.—Requisite.—Showing of a Valid Defense.—Under §405 Burns 1914, §396 R. S. 1881, providing that a party may be relieved from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect and requiring a showing of a valid defense to the action, a verified motion to set aside the judgment based on the fact that the real estate involved in the mortgage foreclosure by default was conveyed to affiants by plaintiff's mortgagor as part of a fraudulent transaction, and that the realty involved never belonged to affiants, without any showing as to the nature of the fraud or the parties thereto, was properly overruled as not showing a valid defense to the foreclosure proceedings. p. 475.

From St. Joseph Superior Court; *George Ford*, Judge.

Action by Oscar Van Lundy against Mary E. Daub and another. From a judgment for plaintiff, the defendants appeal. *Affirmed*.

*Lenn J. Oare* and *Russell W. Geyer*, for appellants. *Guy & Pattee*, for appellee.

BATMAN, P. J.—Appellee filed his complaint against appellants in the St. Joseph Superior Court on January 16, 1915, to foreclose a mortgage on certain real estate. On the same date appellants were duly served with process requiring them to appear thereto on the 29th day of said month. On April 16, the same being the fifty-first judicial day of the February term, 1915, of said court, they were defaulted, and judgment was rendered against them in favor of appellee.

On April 28, the same being the sixty-first judicial day of said February term, 1915, of said court, appellants filed their verified motion to set aside the default and vacate said judgment as follows:

"Comes now the defendants in the above entitled cause and move the court to set aside the default and judgment against them for the reasons as follows: that the default and judgment herein was taken against them through their mistake, inadvertence and excusable neglect, in this: that on the 13th day of April, 1915, the attorneys who had appeared for the defendants in this cause until said date withdrew their appearance, and immediately thereafter Lenn J. Oare and Russell W. Geyer entered their appearance in said cause for the said defendants; that on the day the said Oare and Geyer entered their appearance, to-wit: on the 13th day of April, 1915, the attorneys for the plaintiff obtained a rule to answer against these defendants, and then and there the court ordered the rule to be satisfied on the second day thereafter, to-wit: on the 15th day of April, 1915; that the said Lenn J. Oare on the said 15th day of April, began a trial of a cause in the said court, which said trial continued for several days thereafter; that it was the said Lenn J. Oare who was in court at the time said rule to answer was taken and upon whom notice of said order was then and there given; that he, the said Lenn J. Oare, was busy and his time was wholly occupied on the 13th, 14th, and 15th of said month and it was wholly impossible for him to satisfy said rule; that on the 15th of said month, the day said rule was ordered to be satisfied, the said Lenn J. Oare had a conversation with one of the attorneys for the plaintiff and explained to said attorney for the plaintiff

that it would be impossible for him to satisfy said rule on said day, but he would satisfy said rule at the earliest possible time, and that then and there the said attorney for the plaintiff made no objection to the explanation and proposal of the said Lenn J. Oare as defendants' attorney; but stated that 'We will wait and see how your case progresses'; that the said Lenn J. Oare further stated to said counsel for the plaintiff that he would not delay or cause the delay of the said action by failure to plead; that the said Lenn J. Oare had reasons to believe and did believe that it would be satisfactory to the said plaintiff to discharge the rule after the trial in which the said Lenn J. Oare was then engaged was concluded; that at said time of the said conversation with the said counsel for the plaintiff the said Lenn J. Oare intimated to the said counsel the nature of the pleading which he would file in the said cause; that it has not been customary in this court or any court of record in this county to take judgment by default by reason of a failure to comply with a rule to answer unless the party against whom the rule is made has been repeatedly notified, or has shown a disposition to delay the trial of the cause by reason of a failure to plead; that notwithstanding said conversation had with the said Lenn J. Oare, and notwithstanding the custom in this court and any other courts of record of this community, the said counsel for the plaintiff on the 16th day of April, moved this court for judgment by default without notifying the defendants or their attorneys of such action; that said judgment was rendered as by default.

"These defendants would further show the court that they have a valid and meritorious defense to the

action set forth in plaintiff's complaint, in this: that the defendants have no interest in the property upon which the mortgage was sought to be foreclosed in said complaint; that the mortgage was given to the plaintiff by one Cyrus Walters who at the time of the execution of the said mortgage was the owner of said property; that the said property was transferred to the defendant, Mary E. Daub, and that said transfer to the said Mary E. Daub, was a part of a fraudulent transaction and that the said property in law and in equity never was the property of these defendants, and that these defendants in law and in equity never had any interest in the property set forth in plaintiffs' complaint; that the defendant, Mary E. Daub, has heretobefore brought her action in the St. Joseph Circuit Court to have the said alleged fraudulent transaction set aside, and that before the beginning of the said action to set aside the said fraudulent transaction, the said Mary E. Daub offered and tendered to the said Cyrus Walters a deed quit-claiming all her interest in the said property to the said Cyrus Walters, and then and there demanded of him, the said Cyrus Walters, that he return unto the said Mary E. Daub the consideration given by her in the said alleged fraudulent transaction. That it is necessary that the defendants herein make a defense in this action in order to prevent a personal judgment against them, and also in order to properly present the matters with reference to said fraudulent transaction to this court, in order that the right accruing to the said Mary E. Daub, in the action now pending as aforesaid in the St. Joseph Circuit Court might not be barred.''

The record does not disclose that any other affidavit

was filed, or other evidence heard. The court overruled appellants' said motion, to which action of the court they duly excepted. This action of the court constitutes the sole error relied on for reversal.

Appellants, by their said motion, sought relief from the judgment taken against them by default, under §405 Burns 1914, §396 R. S. 1881, which reads in part as follows: "The court * * * shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years." Such motion, having been filed at the same term at which such judgment by default was rendered, was a part of the proceedings in said cause, and the ruling thereon, having been properly assigned as error, calls for our consideration. *Kurtz* v. *Phillips* (1916), 63 Ind. App. 79, 113 N. E. 1016. We agree with appellants that §405, *supra,* imposes an imperative duty on the courts to grant the relief stated, where the "mistake," inadvertence, surprise or excusable neglect, is made to appear to the satisfaction of the court. *Ziegler* v. *Funkhouser* (1908), 42 Ind. App. 428, 85 N. E. 984; *Macy* v. *Lindley* (1913), 54 Ind. App. 157, 99 N. E. 790.

Whether sufficient grounds exist for such relief must be determined from the evidence submitted. In this case appellants' verified motion appears to have been the only evidence before the court as to the facts. It has been repeatedly held that such affidavit partakes of the nature of a deposition and parol testimony, and not of the nature of documentary evidence, and that the rule applicable to parol testimony applies on appeal. *Wells* v. *Bradley,*

*etc., Co.* (1891), 3 Ind. App. 278, 29 N. E. 572; *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 57 N. E. 148; *Peterson* v. *Downey* (1912), 53 Ind. App. 373, 101 N. E. 737; *Kruse* v. *State, ex rel.* (1913), 55 Ind. App. 203, 103 N. E. 663. The decision of the trial court, therefore, under the well-established rule, will not be disturbed on appeal, where there is evidence to sustain it. *Costello* v. *Wallace* (1915), 184 Ind. 734, 110 N. E. 660; *Beavers* v. *Bess* (1914), 58 Ind. App. 287, 108 N. E. 266; *Vandalia R. Co.* v. *House* (1914), 59 Ind. App. 10, 108 N. E. 872; *Dorrell* v. *Herr* (1915), 184 Ind. 445, 111 N. E. 614; *Nicholson* v. *Smith* (1915), 60 Ind. App. 385, 110 N. E. 1007.

Appellants' verified affidavit discloses that on April 13, 1915, the attorneys for appellee obtained a rule to answer against appellants, and that the court ordered that the rule be discharged on April 15, 1915; that appellants attempted to avoid a compliance with such order by an agreement made out of court with one of appellee's attorneys, but, notwithstanding such alleged agreement, judgment was rendered against them as by default on April 16, 1915. It is to be observed that the alleged agreement was not made in a cause where the making of the issues was passing by common consent of the court and parties, but in a case where an absolute order had been entered for the discharge of a rule. Such an agreement, if definite and positive, could not have the effect to supersede the court's order, nor would it necessarily stand as a sufficient excuse for a failure to comply with the same. It would have furnished grounds on which appellants might have based a request for an extension of time in which to

discharge such rule, but no such request was made. Courts have the power to make such orders, and the dispatch of business often requires, that they be made; otherwise intolerable delays would often re-. sult. They are designed to expedite the transaction of business, and should not be treated lightly or suffered to be ignored. *Houser* v. *Laughlin* (1913), 55 Ind. App. 563, 104 N. E. 309. Section 410 Burns 1914, §401 R. S. 1881, prescribes the duty of the court on a failure to comply with such an order, as follows: "If, from any cause, either party shall fail to plead or make up the issues within the time prescribed, the court shall forthwith enter judgment as upon a default, unless, for good cause shown, further time be given for pleading, on the payment of the costs occasioned by the delay." In view of all the facts, the trial court evidently concluded that no sufficient mistake, surprise, inadvertence or excusable neglect was shown, to authorize the relief sought, and as there was some evidence to sustain such conclusion, this court, under the well-established rule, cannot disturb it.

There is a further reason for sustaining the action of the trial court in overruling appellants' motion to set aside the default and vacate the judgment.

6.   Such reason is based on the absence of a sufficient showing on the part of appellants that they had a valid defense to the action. Such a showing is essential under §405, *supra*. *Ziegler* v. *Funkhouser, supra; Rooker* v. *Bruce* (1908), 171 Ind. 86, 85 N. E. 351; *Macy* v. *Lindley, supra*. By reference to appellants' verified motion it will be observed that the defense relied upon is based on the alleged fact that the real estate in question was conveyed to

appellant Mary E. Daub by appellee's mortgagor, as part of a fraudulent transaction, and that said real estate in law and in equity never belonged to appellants. There is no showing as to the nature of the fraud, nor as to the parties thereto. For anything shown by the record the appellant Mary E. Daub may have been a party to such fraud, and received the conveyance with full knowledge of all the facts. In such event the court will not afford relief, but will leave the parties where they have placed themselves. For the reasons stated, the allegations of appellants' motion are insufficient to show a valid defense to appellee's cause of action, and such motion was therefore properly overruled.

Judgment affirmed.

NOTE.—Reported in 118 N. E. 140.