## WRIGHT, RECEIVER, *v.* COHN.

[No. 9,656. Filed November 27, 1918.]

1. APPEAL.—*Judgments Appealable.—Final Judgment.*—In an action on a note, an entry, "The court * * * now finds for the defendant to which ruling of the court the plaintiff excepts. It is therefore considered, adjudged and decreed by the court that the defendant do have and recover from plaintiff" all his costs, is a final judgment from which an appeal will lie, since, although incomplete in statement, it disposes of the entire controversy. p. 591.

2. NEW TRIAL.—*Grounds.*—Specifications in a motion for a new trial that the finding and judgment of the court is contrary to law, is not sustained by sufficient evidence, is contrary to the weight of the evidence, and is contrary to law and the evidence, are not grounds for a new trial authorized by statute. p. 592.

3. BILLS AND NOTES.—*Promissory Note.—Explaining Contract.—Parol Evidence.—Admissibility.*—In an action on a promissory note, where defendant answered that he signed the note at the request of the payee bank's president as surety for him, and that there was an understanding between the parties that the note should not become binding until signed by the president, which was never done, a question asking defendant's brother what defendant and the president said about the note was not objectionable as seeking to vary or explain the terms of a written contract by parol. p. 592.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by William Wright, receiver of the Indiana Trust and Savings Bank, against Mike Cohn. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*L. V. Cravens,* for appellant.
*Gavit, Hall & Smith,* for appellee.

FELT, J.—Appellant brought suit against appellee on a promissory note alleged to have been executed by appellee to the Indiana Trust and Savings Bank.

The complaint in one paragraph was answered by an answer in two paragraphs. The first paragraph was a verified denial of the execution of the note. In the second paragraph it was alleged in substance that appellee signed the note sued upon at the request of Charles E. Fowler, who was at the time president of said bank; that he signed the same as surety for said Fowler with an agreement and understanding by and between appellee, the bank, and said Fowler, that the note should not become a binding obligation on appellee until the same was executed by said Fowler as principal; that appellee signed the note as surety only, and no consideration whatever

moved to him on account thereof; that subsequently, without his knowledge or consent, the note was deposited in said bank as his obligation.

The issues were closed by a reply in general denial to each paragraph of the answer.

A trial by court resulted in a finding for the defendant as follows: "The court having had this cause under advisement since the 20th day of November, 1914, now finds for the defendant to which ruling of the court the plaintiff excepts. It is therefore considered, adjudged and decreed by the court that the defendant do have and recover of and from the plaintiff all his costs herein laid out and expended."

Appellant's motion for a new trial was overruled. The only assignment of error not expressly waived by appellant in his brief is the action of the court in overruling the motion for a new trial.

Appellee contends that no question is presented by the appeal because there is no final judgment from which an appeal will lie. Appellee's contention cannot be sustained. It has been held that no particular form of words is essential to the rendition of a final and appealable judgment. A judgment is final if it disposes of the entire controversy, settles the rights of the litigants, and leaves nothing for further consideration. The entry in this case, though somewhat incomplete in statement, in substance meets and satisfies the essentials of a final judgment. *State, ex rel.* v. *Long* (1907), 168 Ind. 553, 555, 80 N. E. 541; *Kelley* v. *Augsperger* (1908), 171 Ind. 155, 156, 85 N. E. 1004; *Baker* v. *Osborne* (1913), 55 Ind. App. 518, 104 N. E. 97; *O'Neil* v. *Hudson* (1915), 59 Ind. App. 541, 109 N. E. 792; *Leach* v. *Webb* (1916), 62 Ind. App. 693, 113 N. E. 311.

Appellant in his motion for a new trial has assigned as causes the following: "(1) The *finding* and *judgment* of the court is contrary to law. (2) The *finding* and *judgment* of the court is not sustained by sufficient evidence. (3) The *finding* and *judgment* of the court is contrary to the weight of the evidence. (4) The *finding* and *judgment* of the court is contrary to law and the evidence." Such statements are not grounds for a new trial authorized by the statute and have been held insufficient. *Bradford* v. *Wegg* (1914), 56 Ind. App. 39, 40, 102 N. E. 845, and cases cited; *Ferdinand R. Co.* v. *Bretz* (1915), 59 Ind. App. 123, 124, 108 N. E. 967.

The only other question presented by appellant arises under the ninth alleged cause for a new trial, relating to a question asked the witness Samuel J. Cohn by appellee's counsel. He was in substance asked, What did your brother Mike say about any note and what did Mr. Fowler say to your brother on that subject? Appellant's attorney objected on the ground that the question sought to explain a written contract by parol evidence, and that any statement made by Mr. Fowler would not bind the bank.

There is no suggestion in the question which warrants the objection that it sought to explain or vary the terms of a written contract. The issues present the question whether there was in fact any valid obligation or contract binding upon the defendant. The information sought by the question was proper evidence under the issues as tending to prove the facts of the transaction out of which the controversy arose. How far, if at all, the bank was bound by what was said and done, is a question quite apart from the admissibility of the evidence. As

against any objection urged, the evidence was admissible.

No reversible. error has been shown by appellant.

Judgment affirmed.

NOTE.—Reported in 121 N. E. 3.