## WOODARD ET AL. *v.* KILLEN.

[Nos. 24,182, 24,183, 24,184. Filed June 9, 1925. Rehearing denied October 14, 1925.]

1.. CONSTITUTIONAL LAW.—*Judgment setting aside default judgment does not deny equal protection of law nor deprive judgment plaintiff oj property without due process of law.*—A judgment setting aside a default judgment without a showing that such default judgment was without merit and wrongful does not deny the party that obtained such default judgment the equal protection of the law or deprive him of his property without due process of law.  p. 573.

2. CONSTITUTIONAL LAW.—*Erroneous decision does not deprive unsuccessful party of property without due process of law.*—When parties have been fully heard in the regular course of judicial procedure, an erroneous decision does not deprive the unsuccessful party of his property without due process of law. p. 573.

3. JUDGMENT.—*Judgment setting aside default judgment does not preclude further consideration of merits of original action.*—A complaint for relief from a judgment by default does not

tender an issue which, if sustained, must be regarded as *res judicata* precluding any further consideration of the merits of the original action. p. 574.

4.  JUDGMENT.—*Amendment of statute did not change rule that application should be determined in summary manner without pleadings other than complaint.*—Amendment of statute (§423 Burns 1926, §405 Burns' Supp. 1921) authorizing setting aside defaults did not change the rule permitting an application therefor to be determined in a summary manner and without pleadings other than a complaint. p. 574.

5.  JUDGMENT.—*Meritorious defense to action must be shown in application to set aside default, as evidence of good faith, but only for that purpose.*—An application to have a default judgment set aside must allege facts showing that the applicant has a meritorious defense to the action wherein judgment was taken against him, as an evidence of his good faith, but such allegations are considered only for that purpose. p. 574.

6.  APPEAL.—*Judgment setting aside default judgment not "final judgment" from which appeal can be taken.*—A judgment setting aside a default judgment under §423 Burns 1926, §405 Burns' Supp. 1921, Acts 1921 p. 277, is not a "final judgment" from which an appeal may be taken. p. 575.

From Marion Circuit Court (35,053, 35,054, 35,055) ; *Harry O. Chamberlain,* Judge.

Three separate proceedings by Frank W. Killen to set aside default judgments against him in favor of Nathan D. Woodard, Henry Rosenberg and Joel D. Eastman respectively. From judgments setting aside the defaults, the three defendants appeal. *Appeal dismissed.*

*William V. Rooker,* for appellants.

*John W. Holtzman, Lewis A. Coleman, Robert D. Coleman* and *John J. Kelly,* for appellee.

MYERS, J.—Appellee, on December 17, 1921, in each of the above entitled actions, filed a complaint in the court below against appellants separately to set aside a default and to be relieved from a judgment taken against him by each of the appellants through his mistake, inadvertance, surprise or excusable neglect, pursuant to an act of the general assembly of this state

amending §135 of an act approved April 7, 1881. Acts 1921 p. 277, §405 Burns' Supp. 1921, §423 Burns 1926. Thereafter, such proceedings were had whereby the court was induced to set aside the default and judgment in each case. From this action of the court, each of the appellants prosecuted a separate appeal to this court, and each has assigned and relies upon alleged errors of the trial court in overruling his demurrer to the complaint, in overruling his motion for a new trial, and in denying to him the equal protection of the law by taking his property without due process of law in contravention of the Fourteenth Amendment to the Constitution of the United States.

The record in each of the above entitled causes, and the assignments of error thereon, present the same questions, and, for the purpose of disposition in this court, these cases will be consolidated.

Appellee's complaint in the trial court against each of the appellants shows that on August 1, 1921, appellants separately filed a complaint against appellee in the circuit court of Marion county and caused summons to be issued thereon, returnable September 5, 1921, which, as shown by the returns, were served by leaving copies at appellee's last and usual place of residence; that on September 6, 1921, he was called and defaulted and, eleven days later, a judgment in each of these cases was separately rendered against him. It further appears that neither appellee nor any member of his family was in Indianapolis or in Indiana after the middle of July, 1921, until about November 17, 1921, when the wife of appellee returned to Indianapolis and found the summons and so notified appellee; that this was appellee's first knowledge that any action or suit of any character had been brought against him. Other facts are alleged showing that, prior to appellee's temporary absence from the state, the subject-matter of each of

appellants' actions had been discussed, and that they knew he was claiming that certain facts which are set forth in his complaint were a complete defense to their alleged claims. Furthermore, by certain allegations, he makes it appear that the defaults and judgments were obtained against him without any reasonable remissness on his part but entirely to his surprise and excusable neglect.

Appellee sought relief from the defaults and judgments taken against him by virtue of the statute, *supra,* which provides that: "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, on complaint filed and notice issued, as in an original action within two years from and after the date of the judgment."

A motion by appellee to dismiss each of the above appeals on the ground, among others, for want of a final judgment, was overruled. This ruling was made under the impression that appellants had properly challenged the constitutionality of the law relied on by appellee. However, upon an examination of the record it appears that the proposed constitutional question was sought to be raised by an assignment of error in this court for the first time. This assignment does not purpose to question the jurisdiction of either the trial court or this court over the person or the subject-matter here involved.

Appellants insist that the instant proceedings presented an independent issue which resulted in an order and judgment vacating and setting aside the judgments recovered against appellee in other actions without a showing that such judgments were without merit and wrongful, thus denying to them the equal protection of the laws and depriving them of their property without due process of law. They seem

1, 2.

to think that because they were not permitted to try the merits of the original action in the instant proceedings, it naturally follows that they were denied due process of law. In this conclusion, they are mistaken. True, due process of law signifies a right to be heard in one's defense and to have a fair trial. That right was not denied appellants even though the court's decision may have been erroneous. It is the settled law that when parties have been fully heard in the regular course of judicial proceedings, an erroneous decision is not to be considered as depriving the unsuccessful party of his property without due process of law, for, as said in *Duncan* v. *Missouri* (1894), 152 U. S. 377, 382, 14 Sup. Ct. 570, 572, 38 L. Ed. 485: "Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."

We account for appellants' constitutional insistence only upon the theory that they are impressed with the thought that the issues tendered by a complaint

3-5. for relief from a judgment under the statute, *supra,* tenders an issue which, if sustained, must be regarded as *res adjudicata* and a defense to any further consideration of the merits of the original action. We see no basis for such impression. It is perfectly clear, from a mere reading of the order of the trial court vacating and setting aside the defaults and judgments entered in the original cases that appellee was only thereby permitted to appear and answer each of those causes upon their merits. Moreover, there is no room for saying that the amendment of the old statute, by omitting the word "motion" and requiring a complaint to be filed "as in an original action," changed the rule permitting an application for relief, as here, to be determined in a summary manner and without

pleadings other than a complaint. *Brombaugh* v. *Stockman* (1882), 83 Ind. 583; *Wellinger* v. *Wellinger* (1906), 39 Ind. App. 60, 63, 79 N. E. 214, and cases there cited. True, the rule then and now in such cases requires an applicant to allege facts showing that he has a meritorious defense to the action wherein judgment was taken against him as an evidence of his good faith, and for that purpose only may the court consider such allegations. The old statute recognized a motion, if filed in term, or upon complaint after the term, by a party seeking relief from a judgment for any of the causes enumerated therein, while the statute, as amended, requires the applicant to proceed in such matters by complaint alone. The judgments in the instant proceedings do not affect the opportunity of appellants to be heard respecting the justice of their claims against appellee. Under such circumstances, there is no ground for presenting a constitutional question.

Lastly, appellants insist that the amended statute must be construed as giving a new remedy in the way of an independent cause of action, and the resulting judgment must be regarded as final from which an appeal is allowed, as in actions to review a judgment. Appellants are in error in this contention for the reason that actions for review are based upon errors of law appearing in the proceedings and judgment growing out of the action in which the judgment is rendered (§670 Burns 1926, §646 Burns 1914), while an action for relief against a judgment, as here, is based upon an entirely different right, and upon a statute which makes it the imperative duty of the court to relieve a party from a judgment taken against him in case the issue of fact—mistake, inadvertance, surprise, or excusable neglect—is found in his favor. *Daub* v. *VanLundy* (1917), 67 Ind. App. 468, 118 N. E. 140.

Appellants have not, nor have we been able to find any authority to the effect that an appeal will be allowed from an order setting aside a judgment rendered upon default of the defendant. In conclusion, we hold that the action of the trial court in vacating and setting aside the default and judgment in each of the above entitled causes was not a final judgment from which an appeal is authorized. *O'Neil* v. *Hudson* (1915), 59 Ind. App. 541, 109 N. E. 792.

The order heretofore made, overruling the motion to dismiss in each of the above causes, is now vacated and set aside. It appears that appellant Rosenberg, since the submission of his appeal, has died. It is therefore ordered that the motion to dismiss each of the above appeals be sustained, and the appeal as to appellant Rosenberg be dismissed as of the date of submission, and that each of the other appeals be dismissed.

The clerk of this court is hereby ordered to certify this opinion to the court below in each of the above-entitled causes in due course as provided by law.

Ewbank, J., not participating.