FIRST NATIONAL BANK OF AMBOY v. H. J. OLSON.[1]

No. 29,126.

January 27, 1933.

*S. B. Wilson, Jr.* and *Frundt & Morse,* for appellant.
*Putnam & Carlson,* for respondent.

[1]Reported in 246 N. W. 542, 247 N. W. 387.

LORING, JUSTICE.

In a suit upon a promissory note the defendant interposed the defense that it had been delivered upon a condition which had never been fulfilled and hence that it had never become effective as a contract. The verdict was for the defendant. The plaintiff moved for judgment notwithstanding the verdict. The court denied the motion, and judgment was entered in favor of the defendant. From that judgment the plaintiff has appealed.

In 1927 the defendant signed a note to the plaintiff as accommodation maker with one Chamberlain. When that note came due Chamberlain sought to renew it at the bank and took to the defendant the renewal note, which the defendant signed upon Chamberlain's agreeing to sign it with him. Chamberlain, however, did not sign the renewal, and when it became due the bank asked the defendant to renew it. The defendant testified that he told the officer in charge of the bank that he would not sign any more notes and he wanted to drop the whole matter, but that in response to urging he told the banker that he would sign the third note, which is the one now sued upon, provided the banker would "put Chamberlain back on it." Thereupon the banker without further remark made out a note, and Olson signed it.

Upon this evidence the trial court submitted the case to the jury on the question of conditional delivery. The plaintiff is here claiming that such evidence is not sufficient to show such an agreement. The trial court was of the opinion that it was sufficient, and we concur in that view. The action of the banker in response to the condition imposed by the defendant was such as to justify the jury in finding that the condition was accepted and the paper delivered conditionally for the purpose of having the banker obtain the signature of Chamberlain upon the note. The fact that the defendant was accommodating Chamberlain and that he may not at that time have been prejudiced by the bank's failure to obtain the signature of the accommodated party as promised does not change the situation. The defendant had a right to impose such condition as he saw fit regardless of its materiality, and if the bank chose to accept

the renewal upon that condition it was its duty to fulfil the agreement and to obtain Chamberlain's signature. The cases support this view. Hunter v. First Nat. Bank, 172 Ind. 62, 87 N. E. 734; Jenkins v. First Nat. Bank, 134 Md. 85, 106 A. 174; First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Wright v. Cohn, 68 Ind. App. 589, 121 N. E. 3; Towle-Jamieson Inv. Co. v. Brannan, 165 Minn. 82, 205 N. W. 699.

Affirmed.

WILSON, CHIEF JUSTICE, and HOLT, JUSTICE, took no part.

UPON APPLICATION FOR REARGUMENT.

On March 3, 1933, the following opinion was filed:

PER CURIAM.

In its petition for rehearing appellant earnestly contends that our decision should follow that of the supreme court of South Dakota in Riggen v. Lindley, 58 S. D. ——, 236 N. W. 280. In that case a note was delivered to the plaintiff upon his promise to obtain another signer. He did not, but he immediately and unconditionally delivered to the makers a check "with the expectation on the part of all that they would immediately pay out and disburse the same." Not so here. The bank, it is true, gave defendant the old note, but in this state the giving of a note is conditional payment only in the absence of express agreement. Therefore, in the absence of such agreement, the old note is still an existing obligation. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7444.

Rehearing denied.