CZAPLA ET AL. *v.* MADEJCZYK ET AL.

[No. 15,757. Filed October 14, 1936.]

*George Panea,* for appellants.

*Galvin, Galvin & Leeney,* for appellees.

KIME, C. J.—Appellants recovered a judgment by default on June 13, 1935, against appellees in the Lake Superior Court quieting the title to certain real estate in which appellees claimed an interest. Notice of the filing of the complaint in the original action was given by publication. On February 18, 1936, defendants below (appellees here) filed their application in the original action to open up the above judgment rendered against them, notice of which was given to the plaintiffs as required by §2-2602, Burns 1933, being §414, Baldwin's 1934 and Acts 1881 (Spec. Sess.) ch. 38, §65, p. 240.

After the filing of various pleadings, which were over-ruled and which are not mentioned here because they have no bearing on the result which must be reached in this opinion, plaintiffs answered defendants' application for reopening the judgment herein in general denial. This cause was then submitted to the court for trial and after hearing the evidence the court ordered that the "judgment heretofore rendered on June 13, 1935, be opened up and is set aside and this cause reopened . . ."

Defendants then filed their answer in general denial to plaintiffs' complaint and plaintiffs filed a motion for new trial, which was overruled and this attempted appeal followed. It is not necessary, because of the result reached here, to set out or discuss the errors assigned.

Appellees filed their motion in this court to dismiss, contending that the appeal attempted to be taken here is merely from an order opening up and setting aside a default judgment previously rendered upon constructive service and permitting the defendants to file answer and defend in the cause wherein such default judgment was rendered and not from a final judgment from which an appeal lies to this court. The contention of appellees must be sustained for the reason that such an order is not a final judgment within the meaning of our statutes authorizing appeals. §2-3201, Burns 1933, being §471, Baldwin's 1934, Acts 1881 (Spec. Sess.) ch. 38, §628, p. 240. *Neyens* v. *Flesher* (1906), 39 Ind. App. 399, 79 N. E. 1087. In the instant case there has been no final determination in the court below. There was simply the filing of an application to open up and vacate the default judgment rendered upon service by publication, the granting of the same, and the filing of a motion for new trial in those proceedings. Of course there is no finality to those proceedings.

For the above reason this appeal is dismissed and it is so ordered.