KARNES, ADMINISTRATOR *v.* PERISHO.

[No. 15,758. Filed January 26, 1938.]

*John O. Lewis* and *Carey & Cox,* for appellant.

*Erve Hanford* and *John Raftery,* for appellee.

DUDINE, P. J.—On October 22, 1931, James T. Karnes (now deceased) recovered a default judgment against appellee in the sum of $1,200.00. On August 3, 1934, appellee instituted an action against said James T. Karnes to set aside said default judgment on account of alleged mistake, inadvertence, surprise and excusable neglect. The court found for appellee (plaintiff below) in said latter proceeding and rendered judgment setting

aside said default judgment. Thereafter James T. Karnes died. Joe Karnes, his son, was appointed administrator of his estate and was substituted as judgment defendant in said latter proceeding, and this appeal was perfected.

Appellee has filed a motion to dismiss this appeal, stating as a ground therein that a judgment which merely sets aside a default judgment is not a final judgment from which an appeal will lie.

Appellant contends in effect that since the passage of Chap. 115, Sec. 1, Acts 1921, which amended Chap. 38, Sec. 135, Acts 1881 (see Sec. 2-1068 Burns 1933, §173 Baldwin's 1934), such a judgment is a final judgment from which an appeal will lie, and cites *General Outdoor Advertising Co.* v. *The City of Indianapolis* (1930), 202 Ind. 85, 172 N. E. 309, 72 A. L. R. 453, in support of said contention. That case does not sustain appellant's contention. The court said in that case, with reference to an attempted appeal from such a judgment (p. 90), "this court does not have jurisdiction to determine an appeal from a judgment relieving a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect . . ." The court said further, with reference to such attempted appeal, ". . . if it (the Supreme Court) did have such jurisdiction . . . we would hold that appellant waived any errors occurring in . . . (the proceeding to set aside the default judgment) when it (appellant) agreed to a substitution of the parties both plaintiff and defendant, (in the original proceeding) and filed an amended complaint containing additional and different allegations from those contained in the original complaint." The Supreme Court did not hold, in that case, as appellant says, that such a judgment is a final judgment from which an appeal will lie.

Appellant's contentions are answered adversely in

*Woodard et al.* v. *Killen* (1925), 196 Ind. 570, 575, 148 N. E. 195, as follows:

". . . appellants insist that the amended statute must be construed as giving a new remedy in the way of an independent cause of action, and the resulting judgment must be regarded as final from which an appeal is allowed, as in actions to review a judgment. Appellants are in error in this contention for the reason that actions for review are based upon errors of law appearing in the proceedings and judgment growing out of the action in which the judgment is rendered (Sec. 670 Burns 1926, Sec. 646 Burns 1914), while an action for relief against a judgment, as here, is based upon an entirely different right, and upon a statute which makes it the imperative duty of the court to relieve a party from a judgment taken against him in case the issue of fact—mistake, inadvertence, surprise, or excusable neglect—is found in his favor. *Daub* v. *VanLundy* (1917), 67 Ind. App. 468, 118 N. E. 140.

"Appellants have not, nor have we been able to find any authority to the effect that an appeal will be allowed from an order setting aside a judgment rendered upon default of the defendant. In conclusion, we hold that the action of the trial court in vacating and setting aside the default and judgment in each of the above entitled causes was not a final judgment from which an appeal is authorized. *O'Neil* v. *Hudson* (1915), 59 Ind. App. 541, 109 N. E. 792."

See to the same effect *Soil* v. *Soil* (1936), 102 Ind. App. 112, 1 N. E. (2d) 311; *Czapla et al.* v. *Madejczyk et al.* (1936), 102 Ind. App. 615, 4 N. E. (2d) 60.

The appeal is therefore dismissed.