STAGGS *v.* WRIGHT.

[No. 17,639. Filed January 9, 1948. Rehearing denied March 4, 1948. Transfer denied April 9, 1948.]

*Ralph E. Brill* and *Thomas F. O'Mara,* both of Terre Haute, attorneys for appellant.

*Dix & Dix,* of Terre Haute, attorneys for appellee.

BOWEN, P. J.—This is an attempted appeal from a judgment rendered in the Superior Court of Vigo County, No. 2, setting aside and vacating a previous default judgment of the same court rendered on November 5, 1945.

Appellee herein procured a decree of divorce on the 20th day of February, 1945, from the appellant, Glenn E. Staggs, and was granted the custody of their two minor children. In September, 1945, the appellant filed a petition to modify the original divorce decree with reference to the custody of the children. Said petition was set for hearing on the 5th day of November, 1945, at which time the court upon the default of appellee rendered judgment by default and awarded the care and custody of the two minor children to the appellant. The appellee thereafter filed a petition to set aside the decree of modification as to the custody of the children which was entered November 5, 1945. To this petition of appellee's, the appellant filed a demurrer which was overruled by the court. Issues were joined on the petition and answers thereto. On the 11th day of February, 1947, the court awarded judgment setting aside and vacating the order and decree made on November 5, 1945, in the following words: "It is therefore ordered, adjudged, and decreed by the court that the order and decree in this cause heretofore entered and rendered in this court on the 5th day of November, 1945, be and the same is, hereby set aside and vacated; and it is further ordered by the court that the judgment and order entered herein on November 5, 1945, and the proceedings found thereon, granting the custody of the children of the parties hereto to the defendant, Glen E. Staggs, be, and the same hereby is, set aside, vacated, and held for naught."

The appellee contends that the order and judgment appealed from, setting aside a judgment taken by default, is not an appealable judgment, and that the appeal should be dismissed. The appellant claims that the petition of appellee to set aside the default judgment was in reality a petition to modify the judgment as to

the custody of the children and was so treated by the parties and the court. We cannot agree with the appellant's contention in this regard. The pleading was denominated "a petition to set aside the decree of modification as to the custody of the children." The prayer of the petition stated:

> "WHEREFORE, your petitioner prays that the order of modification made herein on November 5, 1945, as to the custody of said children be set aside and that hearing be had on said petition to modify filed by Glenn E. Staggs and she be granted a reasonable time to prepare her defense thereto and that she be granted a reasonable order against said Glenn E. Staggs for suit money and attorney fees with which to prepare and present her said defense."

The order of the court did not modify any previous orders of the court, but merely set aside the default judgment. We do not feel upon an examination of the record that the issue as to modification was presented by the pleading or adjudicated by the court in the order and decree which he entered.

Therefore, we must consider the judgment and order appealed from as a judgment setting aside a default judgment. We must determine whether this order and decree of the court is an appealable judgment under the law. No contention is made that this appeal should be entertained by virtue of Rule 2-3 of the Supreme Court of Indiana.

It is well settled that an appeal does not lie from an order setting aside a judgment taken by default. § 2-3201, Burns' 1933; *Spaulding* v. *Thompson* (1859), 12 Ind. 477; *Masten* v. *Indiana Car & Foundry Co.* (1898), 19 Ind. App. 633, 49 N. E. 981; *O'Neil* v. *Hudson* (1915), 59 Ind. App. 541; *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195; *Czalpa*

v. *Madejczyk* (1936), 102 Ind. App. 615, 4 N. E. 2d 60; *Soil* v. *Soil* (1936), 102 Ind. App. 112, 1 N. E. 2d 311; *Emerling* v. *Curtis & Co.* (1937), 103 Ind. App. 139, 5 N. E. 2d 677; *Karnes, Admr.* v. *Perisho* (1938), 104 Ind. App. 584, 12 N. E. 2d 403; *Thomas* v. *Kelly* (1945), 115 Ind. App. 334, 58 N. E. 2d 942.

The judgment appealed from did no more than to set aside and vacate the default judgment, thus leaving the case pending upon appellant's petition to modify. A full and complete determination of the questions presented by appellant's petition can be had in the court below. The effect of the judgment was merely to give appellee her day in court. Both appellant and appellee will have full and ample protection of their rights in the court below as well as an appeal on all of the questions which might arise on a trial of appellant's petition.

The appellant insists that the court is without power to set aside this default decree, by reason of the fact that the Divorce Act provides a limited relief for judgments which amounts to a legislative declaration of a public policy to inhibit the availability of the civil code provisions to divorce cases. § 3-1224, Burns' 1946 Replacement. This was clearly not a proceeding to set aside a divorce decree, and this statute, itself, provides for a reopening of a divorce decree at any time, insofar as it relates to the care, support, and custody of children. Courts possess the power independent of statute to relieve a party against whom a default judgment has been taken in a proper case. *Krill* v. *Carlson* (1920), 74 Ind. App. 47, 128 N. E. 612; *United States Fidelity, etc.,* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372; *Dearing* v. *Speedway Realty Co.* (1942), 111 Ind. App. 585, 40 N. E. 2d 414.

We hold that the action of the trial court in setting

aside and vacating the default judgment was not a final judgment from which an appeal may be taken. The order heretofore made, overruling appellee's motion to dismiss this appeal is now vacated and set aside. It is further ordered that appellee's motion to dismiss this appeal be, and the same is hereby sustained. Appeal dismissed.

Hamilton, J., not participating.

NOTE.—Reported in 76 N. E. 2d 588.