STATE EX REL. O'REAR *v.* POSEY CIRCUT COURT ET AL.

[No. 30,407. Filed June 6, 1963.]

*John D. Clouse,* of Evansville, for relator.

*Clements & McClellan* and *K. Richard Hawley,* of counsel, both of Mt. Vernon, for respondents.

ACHOR, J.—This court, on petition of the relator, heretofore issued a temporary writ of prohibition commanding the respondents to refrain, until further order of this court, from proceeding or exercising jurisdiction in any and all matters pretaining to the cause of "Don Strickland v. Charles A. O'Rear," being Cause No. 4323 of the Records of the Posey Circuit Court, except to strike out and expunge the order of March 21, 1963, in which the Honorable A. Dale Eby, special judge of the court, disqualified himself, and all subsequent orders entered in said cause, or to show cause why the writ should not be made permanent.

The issue presented by the proceedings is unique.

The factual situation giving rise to the proceedings is as follows: On or about August 9, 1957, Charles A. O'Rear filed a complaint in the Posey Circuit Court

against Don Strickland for an accounting, that cause being No. 4200. Thereafter a default judgment was entered against Strickland in the sum of $4,873.33.

Thereafter, on November 2, 1957, upon learning for the first time of the pendency of the action, Strickland employed DeRoo Weber, a member of the bar and a practicing attorney in Posey County, to represent him in connection with the default judgment. Thereafter, on December 14, 1957, said attorney filed a motion to set aside the default judgment, which motion was submitted to the court, but without any evidence being introduced in support thereof, whereupon the motion was denied.

Thereafter, on or about February 14, 1958, Strickland, by and through his attorney DeRoo Weber, filed his complaint in two paragraphs against Charles A. O'Rear, this being Cause No. 4323, to set aside the default judgment in Cause No. 4200. The first paragraph of the complaint alleged that no valid service was had upon plaintiff Strickland, and that he was never indebted to the said defendant O'Rear in the amount for which the judgment was taken. A second paragraph of complaint alleged the same defect in the service of summons and further alleged:

> "2. That the defendant has a defense to the complaint, as said complaint alleges breach of a partnership agreement, and no where in the complaint does the plaintiff alleges any definite breaches."

This complaint was also disposed of without any evidence being heard. Instead, it was stipulated by counsel that plaintiff Strickland take nothing by his first paragraph of complaint. It was further stipulated that the allegations of the second paragraph of complaint be accepted as true, and that the same be admitted

in evidence. On the basis of this record which did not state sufficient cause for setting aside the judgment, the court entered judgment against Strickland, from which judgment he appealed.

The Appellate Court affirmed the judgment of the trial court on the ground that the second paragraph of complaint merely challenged the sufficiency of the complaint in the original action and failed to show that the plaintiff had any meritorious defense to that action. [*Strickland* v. *O'Rear* (1961), 134 Ind. App. 247, 176 N. E. 2d 902.] This court denied transfer on January 31, 1963.

Notwithstanding the judgment in the trial court and on appeal, on March 27, 1963 Strickland filed a petition in said Cause No. 4323, in which he again alleged the failure of proper service of summons; that he had a good and meritorious defense to the cause, in that he was never indebted to Charles A. O'Rear in the sum of $4,873.33, and that he could have proved these facts had the issue been properly presented, but that he was prevented from doing so by the incompetence of his counsel.

The petition further alleged that from the time petitioner first employed the said DeRoo Weber, petitioner "has relied upon the skill and expert legal advice" of said attorney "to represent him in connection with the cause of action of Charles A. O'Rear." That on or about February 5, 1963, petitioner "was informed and he now verily believes that said DeRoo Weber has been judicially declared to be mentally incompetent and incapable of managing his business affairs; [and that] your petitioner is further informed, that there is medical evidence that said DeRoo Weber has been mentally incompetent for a period of more than five years." Further, petitioner asserted that "petitioner had no

knowledge of the fact that said DeRoo Weber was at said time and at all times since then, mentally incompetent and incapable of representing the interests of your petitioner in said cause of action." Petitioner further stated that since the rendition of said judgment the position of the parties had not changed with respect thereto.

The respondent herein, who assumed jurisdiction of the case upon disqualification of the regular judge, on the strength of the petition of Don Strickland, issued an injunction prohibiting the relator O'Rear from taking any further action in a cause of action pending in the Vanderburgh Circuit Court, wherein relator was seeking to recover on a bond, issued in stay of execution pending the appeal of the case. Relator was further restrained from issuing execution of the judgment in Cause No. 4200 in the Posey Circuit Court.

Relator, in the proceedings now before us, in support of his petition for a writ of prohibition, cites in his brief the following propositions and principles of law:

"The decision of an appellate tribunal becomes the law of the case and governs the case throughout all of its subsequent stages, as to all questions which were presented and decided, or which were or might have been litigated, even though erroneous, in so far as it declares the law, and must be adhered to not only in the trial court, but also in the appellate tribunal. . . .

"Under this doctrine, when a judgment on the merits is affirmed on appeal it cannot be attacked in a subsequent proceeding." West's Indiana Law Encyclopedia, Vol. 2, pp. 756-757, §674.

"On remand the trial court has jurisdiction to take such action as law and justice may require under the circumstances as long as it is not inconsistent with the mandate and judgment of the appellate tribunal. However, where the appellate tribunal, by its decision and directions, has put an .

end to the litigation, the trial court is without jurisdiction except to comply with whatever directions are made.

. . . . .

"On remand of a cause after appeal, the trial court must follow the directions in, and comply with, the mandate of the appellate tribunal without variation, and the trial court has no discretion in dealing with matters covered by the mandate. . . ." West's Indiana Law Encyclopedia, Vol. 2, pp. 760-761, §675.

Thus the question presented is whether the judgment of the trial court, which was affirmed on appeal by the Appellate Court, was res judicata of the issue presented by relator's petition of March 27, 1963, to set aside the default judgment, and, further, whether the respondent court, by reason of that fact, is without jurisdiction to entertain the petition of Don Strickland to set aside the judgment, because of the mental incompetency of his attorney during all the proceedings related to the subject-matter of the case, which mental incapacity has since been formally adjudicated.

Respondent, in support of his action, cites substantial authority of this court to the effect that, notwithstanding the fact that a cause had been tried, appealed, and affirmed by this court, a cause is not necessarily under all circumstances beyond the equitable jurisdiction of the trial court.

In *Stephenson* v. *State* (1933), 205 Ind. 141, 194, 186 N. E. 293, this court stated:

"The effect of the decision of an appealed case upon the judgment below is the same in criminal and civil cases, and a decision by the Appellate Court has the same effect as a decision by this court. It is the law that a court of general jurisdiction may entertain an action to enjoin the operation of a judgment by law after an appeal and affirmance of the judgment by the Appellate Court."

Although it was stipulated that the default judgment was taken against Strickland without proper service of summons, the merits of the case were never presented to either the trial court or the Appellate Court. Rather, the case was decided upon the sufficiency of the pleadings in res judicata and the opinion of the Appellate Court, with regard to that issue, is the law of the case; and all issues which might have been raised are normally considered res judicata, nevertheless, if it be a fact, as herein alleged, that a default judgment was improvidently taken against the petitioner who had a meritorious defense to the alleged cause of action, but made no defense thereto because he was not served with notice of the pendency of the cause of action; and further, if it be a fact that Strickland's attempts to seek relief from such improvident judgment were frustrated because of the *mental incompetency* of his counsel, which incompetency was not then known either to him or the court, it cannot be said in good conscience that the trial court was *without jurisdiction* to exercise its inherent authority in equity to protect the rights of a party so imposed upon.[1]

1. In the case of *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1922), 79 Ind. App. 76, 80, 134 N. E. 508, the court, discussing the jurisdiction of the court, said:

"What it was really seeking to do, as appellee contends, was to have the judgement set aside in order that it might file a motion for a new trial, and, in the event of an adverse ruling thereon, that it might perfect an appeal. Our attention has not been called to any statute authorizing such a procedure but it does not follow that appellant is without a remedy, as courts of general jurisdiction possess inherent powers, not created or conferred by legislative enactment. These powers will always be exercised where one litigant has obtained an unfair advantage over his adversary, through fraud, inadvertence, surprise, accident, mistake or otherwise, and it would be against conscience to permit him to retain it. . . ."

See also: *United States Fidelity, etc., Co.* v. *Poetker* (1913), 180 Ind. 255, 102 N. E. 372; *Aetna Securities Co.* v. *Sickels*

In asserting that the Circuit Court had jursidiction to issue an injunction under similar circumstances, the Appellate Court, in *Hitt* v. *Carr* (1922), 77 Ind. App. 488, 501-502, 130 N. E. 1, 6, said: .

"It is well settled that courts of general jurisdiction possess inherent powers not created or conferred by legislative enactment. [Citing cases.] The Supreme Court of this state has recognized the existence of such powers, and has held that whenever, by fraud, accident, mistake or otherwise, an unfair advantage has been obtained in a proceeding at law, and it is against conscience to make use of such advantage, a court of equity will restrain the party from making use of the same; and after judgment, any facts which prove it to be against conscience to execute such judgment, and of which the injured party could not avail himself in defense of the suit, will authorize the court to interfere by injunction, and restrain the party from enforcing the judgment. *Walker* v. *Heller* (1882), 90 Ind. 198; *Ratliff* v. *Stretch* (1892), 130 Ind. 282, 30 N. E. 30; *Ross* v. *Banta* (1895), 140 Ind. 120, 34 N. E. 865, 39 N. E. 732. . . ."

For the reasons above stated, the temporary writ of prohibition heretofore issued is dissolved and the petition for a permanent writ is denied.

Myers, C. J., Arterburn & Landis, JJ., concur; Jackson, J., concurs in the result.

NOTE.—Reported in 190 N. E. 2d 656.

(1949), 120 Ind. App. 300, 88 N. E. 2d 789; *Staggs* v. *Wright* (1948), 118 Ind. App. 247, 76 .N. E. 2d 588; *Dearing* v. *Speedway Realty Co.* (1942), 111 Ind. App. 585, 40 N. E. 2d 414; *Livengood* v. *Munns* (1940), 108 Ind. App. 27, 27 N. E. 2d 92.